[No. 20452. In Bank. — September 11, 1889.]

JOHN SANSOME, PETITIONER, v. B. F. MYERS, JUDGE
OF SUPERIOR COURT OF PLACER COUNTY, RESPONDENT.

BILL OF EXCEPTIONS — SETTLEMENT — MANDAMUS. — *Mandamus* will lie to
compel a superior judge to settle a bill of exceptions which he has im-
properly refused to settle; and he is not justified in refusing to settle it
because it is inaccurate, untrue in many respects, meager, and partial,
and a defective skeleton of the testimony and evidence. It is the duty
of the judge to settle the bill of exceptions, though he may require it to
be corrected, if incorrect, before signing it; but he has no right to refuse
to settle it in the first instance because of its imperfections. The judge
may require the party to make and present a proper statement, if it is
incomplete.

APPLICATION to the Supreme Court for a writ of man-
date. The facts are stated in the opinion of the court.

*L. L. Chamberlain*, and *A. L. Hart*, for Petitioner.

*F. P. Tuttle*, and *John M. Fulweiler*, for Respondent.

WORKS, J.—A statement of this case will be found in
77 Cal. 353, where the allegations of the respondent's
answer are stated. We there held that the answer was
sufficient. Subsequently the issues arising upon the
petition and answer were referred for trial and deter-
mination to Hon. W. C. Van Fleet, judge of the superior
court of Sacramento County, with directions to report
his findings to this court, which he has done.

The findings are as follows:—

"1. That said proposed bill was noticed for settlement
on the seventeenth day of April, 1888, and was on said
day called up by petitioner's counsel before said respond-
ent judge for settlement, but was, at the request of the
district attorney, continued to the twenty-fourth day of
April, without at that time any examination or discus-
sion of its contents. On said twenty-fourth day of
April, petitioner's counsel again called said proposed bill
to the attention of respondent, at which time the dis-

trict attorney, through his assistant, objected to the settlement of said bill, on the ground that it was not a fair and truthful statement of the proceedings at the trial, and was a mere skeleton thereof. These objections were verbally made during the argument by counsel, in which he went over said proposed bill, and pointed out what he conceived to be the defects and objectionable features thereof. During a reply to this argument by the petitioner's counsel, the proceedings were interrupted by other business of the court, and the further hearing of said matter was continued by respondent to the first day of May. On that date counsel for the prosecution being absent, the matter was again postponed, and no further consideration thereof had until the eighth day of May. At this last date the prosecution renewed their objection to the settlement of said bill, and after some argument by both parties, the respondent refused to settle said bill, and made his indorsement thereon, wherein he set forth his reasons for said refusal. Said indorsement will be found attached to said original proposed bill, which is hereafter referred to and made part of these findings. The prosecution did not at any time present amendments to said proposed bill, but contended that it was a mere skeleton, and that neither they nor the respondent were called upon to amend the same or make it truly present the facts, and that it was petitioner's duty to present to respondent a fair and truthful bill for settlement. The petitioner, contending that said bill was good and sufficient in substance, did not at any time ask permission to correct or amend the same; nor did the respondent at any time make any direction or suggestion to the petitioner's counsel to take said proposed bill and amend or change it in any respect; and the statement in the answer of respondent herein, that continuances of the settlement were had to enable petitioner to present a full and fair bill, is not sustained by the evidence, but is repudiated by the respondent."

"2. That the document marked 'Exhibit B,' hereunto attached and made part of these findings, is the original proposed bill of exceptions as the same was presented by petitioner herein to the respondent for settlement, together with the respondent's indorsement at the end thereof showing his refusal to settle said bill; and that the document marked 'Exhibit C,' hereunto attached and made part hereof, is a transcript of the reporter's notes of the testimony of the proceedings had and taken at the trial of the case of *People* v. *Sansome,* and upon which said proposed bill of exceptions is based.

"3. NOTE.— Petitioner desired a finding upon the questions raised by respondent's answer as to whether the proposed bill is a fair one, or merely a skeleton. This I refused, for the reasons stated on page 16 of exhibit A, and because I conceived that question can only be answered by an inspection of the record which is before this honorable court, and involved, to my mind, if not a question of law purely, at least a mixed question of law and fact, upon which it was not my province to pass."

The reasons of the respondent for refusing to settle the proposed statement were stated in his indorsement on the same, which was as follows:—

"The within bill of exceptions being this day finally submitted to me for settlement, I hereby refuse to settle the same, upon the ground that it is inaccurate, and in many respects untrue, and contains but a meager and partial statement of the facts and proceedings leading up to and connected with and upon which the rulings of the court therein were had that are complained of, and also a mere defective skeleton of the testimony and evidence submitted to the jury, and upon which they rendered their verdict of guilty."

We do not regard these as sufficient grounds for refusing to settle a statement. If anything was omitted from the statement, or any matter was incorrectly stated,

it was the duty of the district attorney to propose such amendments as would correct the omissions or errors. His failure to do his duty in this respect did not justify the respondent in arbitrarily refusing to act in the matter. As was said in the former decision in this case, it was not the duty of the judge to prepare a statement, but it was his duty to see that one was properly prepared, and then sign it. If the attorney for the petitioner had omitted anything material, the judge should have directed and required him to insert it, or if matter was incorrectly stated, he should have required him to correct it, if the district attorney had neglected his duty by failing to propose the necessary amendments, which he seems to have done. If the petitioner had refused or neglected to so correct the proposed statement as directed, the judge would no doubt have been justified in refusing to settle the same, but not otherwise. This the findings show was not done. The respondent refused in the first instance to *settle* the statement, not to sign it. This we think he had no right to do. To so hold would place it in the power of the trial judge to deprive a litigant of his right of appeal by simply refusing to perform a plain duty.

We must not be understood as intending to justify the too prevalent habit on the part of some attorneys of presenting an imperfect statement, thereby casting upon opposing counsel and the court the labor of piecing out and making complete a statement that should have been made perfect by the appealing party in the first instance. Such a course, whether it results from a design to gain an undue advantage, or from indolence, should be severely condemned, and the party practicing it should be required by the judge to make and present a proper statement.

It is evident that the proposed statement in this case was prepared by a novice. It is unskillfully drawn, but we cannot say that it was prepared with a view to obtain

an undue advantage in this court. It may be, as is contended, that the evidence was not set out as fully as it should have been, but as the evidence was all taken down in short-hand, the defect can be remedied without serious inconvenience to the respondent. In the preparation of a statement, the evidence should be condensed and put in narrative form. To set out the questions and answers in full is unnecessary, and only increases the labor of this court and the expense of the appeal.

. We think the petitioner is entitled to have his statement settled as prayed for, and that the peremptory writ should issue.

It is so ordered.

SHARPSTEIN, J., and FOX, J., concurred.

McFARLAND, J., concurring.—I concur in the judgment, upon the grounds,—1. That if the document presented was not in reality a bill of exceptions, that fact should have been called to the attention of the attorney presenting it; the judge should have informed him that for such reason the document would not be considered as a bill of exceptions, and that he must prepare a real bill within a reasonable time; and 2. That the document presented in the present instance was not so entirely defective as to justify the treatment which it received.

But I do not subscribe to the doctrine — apparently stated in the majority opinion — that no matter how fraudulent and worthless a document may be that is presented and *called* a bill or statement, still the judge or opposing counsel must either prepare a bill himself, or suggest in detail what the bill should be. In such a case the judge has a right to say to the attorney for appellant: "This thing which you give me is a fraud; I will not consider it; I will give you a reasonable time within which to prepare something that will be not a mere *name*, but a real bill within the meaning of the code; and if you do not do so, I will take no further action in the matter."

Beatty, C. J., concurring. — In addition to what has been said by Mr. Justice Works, — in whose conclusion and views I concur, — I wish to say that, in my opinion, the fault imputed to the proposed bill of exceptions in question here, viz., that it is too meager, — is one that is entitled to some indulgence.

The great and crying evil is, not that such draughts are too short, but that they are generally too long, and that, being allowed substantially on the scale and in the form in which they are presented, the counties are burdened with the expense of transcribing or printing masses of rubbish which serve merely to cumber the records and waste the time of this court.

We have decided that the judges of the superior courts are justified in refusing to settle a bill of exceptions where the draught proposed contains a full transcript of the short-hand notes of the trial (*People* v. *Sprague*, 53 Cal. 423), and over and over again we have called attention to section 1175 of the Penal Code, which provides: "A bill of exceptions must contain so much of the evidence only as is necessary to present the questions of law upon which the exceptions were taken; and the judge must, upon the settlement of the bill, whether agreed to by the parties or not, strike out all other matters contained therein."

Possibly some good has been accomplished by these admonitions, but the evil referred to, if ameliorated, is by no means cured.

For this reason, I repeat that if counsel in a particular case happens to commit the unusual error of making his draught too brief, the fault is one that merits some indulgence, especially as it cannot result in any very serious inconvenience to the judge who is called upon to settle the bill of exceptions.

In our practice, the motion for a new trial is always made before judgment (Pen. Code, sec. 1182), and without any preliminary statement of the evidence or specifications of error. (*People* v. *Fisher*, 51 Cal. 319.) If

one of the grounds of the motion is that the verdict is contrary to the evidence, that ground will generally be abandoned after the motion is overruled, in all cases where there is a substantial conflict of evidence upon the material issues, and there will be no exception to the order on the ground that the evidence is insufficient. If, however, the defendant insists upon presenting the question of the sufficiency of the evidence to this court upon appeal, he is forbidden to make a complete tran-. script of the reporter's notes into his proposed bill of exceptions, and must put the testimony of the witnesses. in narrative form, with as little repetition as possible.   In attempting to do this every lawyer, even the most expe-. rienced, is liable to err on one side or the other, and usually, as we have seen, his error is in the direction of unnecessary prolixity.   In such case it is made the duty of the judge who settles the bill of exceptions to strike out all redundant and superfluous matter, as well as to see that what remains conforms to the truth.   This necessarily involves a careful reading and comparison of the draught with the reporter's notes or other record of the proceedings, and it follows, of course, that the longer the draught the greater is the amount of labor imposed upon the judge.   If, on the other hand, it happens, as in this case, that the draught of the bill contains no adequate statement of the evidence, it is a very simple matter, involving a trifling amount of labor, to remedy the defect.

If the omissions are comparatively slight, the judge, with the assistance of the district attorney, may suggest the necessary amendments.   If the omissions are serious and extensive, counsel may be required to present a full statement of the evidence for the people, or to abandon his exception on the ground of insufficiency of the evidence.   If he refuses or neglects to do either, then the judge would be justified in adding to his statement of the evidence a general statement that other evidence was

introduced on the part of the people tending to prove all the allegations of the indictment or information, which is all that would be necessary to render the exception harmless.

As to other grounds of exception, the statement of evidence necessary to present them fairly is usually short, and even when it is unfairly set out in the draught no great amount of labor is ordinarily required to amend it. It is better, in my opinion, that the judge, with the advice and assistance of the district attorney, should perform such labor than refuse to settle the bill of exceptions, upon the ground that counsel preparing the draught has attempted to practice a fraud upon the court, unless the evidence of such design is far more gross and manifest than it can be said to be in this case.

PATERSON, J., concurred.