[Crim. No. 4.   In Bank.—April 6, 1895.]

# LOUIS COHEN, PETITIONER, *v.* WILLIAM T. WALLACE, JUDGE, ETC., RESPONDENT.

CRIMINAL LAW—BILL OF EXCEPTIONS—TRANSCRIPT OF REPORTER'S NOTES—QUESTION AND ANSWER—SETTLEMENT OF BILL — MANDAMUS. —Where a bill of exceptions, as presented, is not a mere transcript of the reporter's notes, but condenses the statement of the evidence, it is not ground of refusal to settle the bill that a considerable portion of the evidence is placed in the bill of exceptions by question and answer to point objections and exceptions taken and reserved; and the judge will be compelled by writ of mandate to settle the bill of exceptions.

ID.—EVIDENCE OF SHORTHAND REPORTER—QUESTION AND ANSWER.—Evidence taken upon the examination of a shorthand reporter as a witness, in reference to testimony claimed to have been given by the defendant upon a former occasion, is necessarily inserted in the bill of exceptions by question and answer in detail.

ID.—TESTIMONY GIVEN BY TALESMEN.—The statement of testimony given by talesmen when sworn upon their *voir dire* is properly inserted by question and answer in the bill of exceptions.

ID.—MODE OF STATING EVIDENCE—DISCRETION.—While as a rule a bill of exceptions should make as short and succinct a statement of the evidence as possible, either in narrative form, giving its substance, or by stating what the evidence tended to establish, yet no fixed rule can be laid down upon the subject; and in frequent instances it may be necessary to state the evidence by question and answer in order to lay before the court the exact statement of the witness, even though it may not be desired to point an exception, and it must be left largely to the discretion of the trial judge when settling the bill to determine the proper method to be pursued in any given case.

ID.—SURPLUSAGE IN BILL—REFUSAL OF SETTLEMENT.—The fact that some things are stated in the bill of exceptions which might with propriety be left out of the bill is no ground for refusing to settle the bill, and the very purpose of the statute in requiring a settlement to be had is that such matter may be eliminated.

ID.—INSTRUCTIONS.—It is not necessary to incorporate in the bill of exceptions in a criminal case the instructions asked by the defendant and refused by the court, where they are properly indorsed by the judge and become a part of the judgment-roll; nor should the oral charge of the court be inserted in the bill where it has been authenticated by the judge, but, if it has not been so authenticated, it becomes proper to preserve it in the bill.

ID.—RULE OF PREVIOUS CASES NOT TO BE EXTENDED. — The rule established in previous cases, that where a proposed bill of exceptions is merely a copy of the reporter's transcript, without any effort to reduce it to proper form for the purpose of presenting the questions involved, or where it is a mere skeleton, it may be disregarded, and a settlement of it will not be required, is a harsh and rigid rule, liable to abuse and to operate as a virtual denial of justice to a defendant through the

ignorance, incompetency, or indolence of his counsel, and will not be
extended to cases not falling strictly within the class to which it has
heretofore been held to apply; and even in such cases it would be better
as a rule for the judge of the trial court to disregard as far as possible
technical objections, and endeavor to settle a bill of exceptions rather
than refuse it.

APPLICATION to the Supreme Court for a peremptory
writ of mandate to compel the settlement of a bill of
exceptions and hearing in said court upon an alter-
native writ issued to the Superior Court of the City and
County of San Francisco, William T. Wallace, judge.

The facts are stated in the opinion of the court.

*H. I. Kowalsky, James H. Long,* and *T. J. Crowley,* for
Petitioner.

*District Attorney William S. Barnes,* for Respondent.

VAN FLEET, J.—Application for a writ of mandate to
compel the settlement of a bill of exceptions.

The petition sets forth that petitioner, Louis Cohen,
was tried and convicted in the superior court of the
city and county of San Francisco, before respondent,
the Hon. William T. Wallace, a judge of said court, of
the crime of perjury; that judgment was entered on the
verdict on January 18, 1895, and that thereafter, on
January 28th, and within the time allowed by law, peti-
tioner, upon notice to the district attorney, delivered
to the clerk of the court for said judge a proposed bill
of exceptions in said case for settlement; that on the
thirtieth day of January, two days after the delivery of
said proposed bill to the clerk, the respondent, as such
judge, made an order refusing to settle said bill, and
directing that it be stricken from the files of said court.
The prayer is that respondent may be required by
the mandate of this court to settle said bill.

In response to the alternative writ issued upon said
petition the district attorney appeared in behalf of
respondent and filed an answer, wherein it is admitted
that respondent has refused to settle the proposed bill,

but stating that such refusal was because of the fact that the bill as proposed appeared to respondent to be substantially but a transcript of the reporter's notes of the trial in all its fullness of question and answer, argument of counsel, and remarks of the court in detail; that for this reason respondent deemed the bill objectionable, and that he was justified in refusing to settle it. The answer, contrary to the requirement of the statute, is unverified; but, inasmuch as no specific objection to its sufficiency is urged on this ground, we may regard the omission as waived, treat it as raising an issue, and proceed to dispose of the matter upon its merits.

We do not think the action of the respondent can be sustained. An examination and comparison of the proposed bill in connection with the transcript of the evidence taken at the trial satisfies us that the learned judge of the trial court was misled in assuming that the bill, as presented by petitioner, was a mere transcript of the reporter's notes. It cannot properly be said to be such, either in fact or in form. The testimony taken at the trial comprises, exclusive of the examination of talesmen upon their *voir dire*, some two hundred type-written pages of the reporter's transcript; the examination of talesmen covers about twenty-eight or thirty pages more, making a transcript in all of about two hundred and thirty pages. The proposed bill consists of one hundred and one pages of type-written matter, but of this the statement of the evidence, including the objections and exceptions reserved thereon, covers but fifty-five pages, showing that the evidence is condensed in the bill to only about one-fourth of its original volume. It is true that the evidence is to a considerable extent stated in the bill by question and answer, but this would seem to be largely necessary in order to point the very numerous objections and exceptions which appear to have been taken and reserved. For such purpose it is proper to so state it. It furthermore appears that some fifteen pages of the statement of the evidence is taken up by the examination as a witness of the short-

hand reporter with reference to testimony claimed to have been given by the defendant upon a former occasion. As to this portion of the evidence, it is necessary that it should appear by question and answer in detail. The same is essentially true as to the statement of the testimony given by the talesmen. It may be that there are instances in the bill where the evidence might with propriety be reduced to narrative form where it is not so stated; but, if so, this can be required upon the settlement of the bill, according as it may appear proper or necessary to the trial judge. While it is a rule which should, so far as possible, be followed in making up a bill of exceptions in criminal as well as civil cases, to make as short and succinct a statement of the evidence as possible, either in narrative form, giving its substance, or by stating what the evidence tended to establish, yet there are frequent instances where neither of these methods would be wholly appropriate and adequate to express exactly what a witness has said. In such case it becomes necessary to state the evidence by question and answer, although not strictly required for the purpose of pointing an exception, but to lay before the court the exact statement of the witness. At best, written words are but a halting and imperfect substitute for words spoken in portraying the meaning or effect of language, and it will not do to say that in all cases and under all circumstances the evidence should never be stated by question and answer, except where it is desired to point an exception. No hard and fast rule should be laid down upon the subject, nor do we understand such to be the requirement of the statute. It must be left largely to the discretion and judgment of the trial judge when settling the bill to determine the proper method to be pursued in any given case. In this instance the manner in which the evidence is stated does not render the bill bad in form on that ground.

The rest of the bill, other than that portion devoted to the statement of the evidence, consists of other matters arising during the progress of the proceedings in

the court below, to which objection and exception were taken; such, for instance, as a motion and the affidavits used thereon for a continuance, exceptions reserved to rulings made during the examination of talesmen, and to remarks of the district attorney in his opening statement and argument to the jury, the charge of the court, and other matters. There are some things stated, perhaps, which might with propriety be left out of the bill, but the very purpose of the statute, in requiring a settlement to be had, is that such matter may be eliminated, and is no reason for refusing to settle the bill. It is not necessary, for instance, to incorporate in the bill of exceptions the instructions asked by defendant and refused by the court, where, as here, they are properly indorsed by the judge, as they become a part of the judgment-roll and should not be repeated in the bill of exceptions. The same may be true of the oral charge of the court. If it has been authenticated by the judge in such manner as to become part of the judgment-roll it has no place in the bill of exceptions; but, if it has not been so authenticated, it then becomes proper to preserve it in the bill. (See *People* v. *January,* 77 Cal. 179; *People* v. *Gibson,* 106 Cal. 458.) Taking the proposed bill in its entirety, we find nothing constituting such a departure from the requirements of the statute as justified the respondent in refusing to settle it. The case falls strictly within the rule declared in *Sansome* v. *Myers,* 80 Cal. 483. In that case the judge of the trial court had refused to settle the bill upon the ground that he deemed it inaccurate and in many respects untrue, and that it contained but a partial statement of the facts and proceedings leading up to and connected with and upon which the rulings of the court were had that were complained of. This court said: " We do not regard these as sufficient grounds for refusing to settle a statement. If any thing was omitted from the statement, or any matter was incorrectly stated, it was the duty of the district attorney to propose such amendments as would correct the omissions or errors.

His failure to do his duty in this respect did not justify the respondent in arbitrarily refusing to act in the matter. As was said in the former decision in this case, it was not the duty of the judge to prepare a statement, but it was his duty to see that one was properly prepared, and then sign it. If the attorney for the petitioner had omitted any thing material, the judge should have directed and required him to insert it, or, if matter was incorrectly stated, he should have required him to correct it, if the district attorney had neglected his duty by failing to propose the necessary amendments, which he seems to have done. If the petitioner had refused or neglected to so correct the proposed statement as directed the judge would, no doubt, have been justified in refusing to settle the same, but not otherwise. This the findings show was not done. The respondent refused in the first instance to *settle* the statement, not to sign it. This, we think, he had no right to do. To so hold would place it in the power of the trial judge to deprive a litigant of his right of appeal by simply refusing to perform a plain duty."

The proposed bill in no proper sense comes within the objection stated in *People* v. *Getty*, 49 Cal. 581, relied upon by respondent as a warrant for his action in the premises. In that case it appeared that the bill of exceptions found in the record consisted simply of the reporter's notes of the trial, without any attempt at condensation or the elimination of immaterial matter in any particular, and in passing upon the case this court said: "In no conceivable case can it be necessary or proper that a bill of exceptions should be made up in that manner. It was never intended that the reporter's notes should constitute a bill of exceptions. The evidence relating to the points presented should be stated, as far as possible, in narrative form, or by a statement of its substance, or what it tended to prove, and the questions should be stated only when it is necessary to present the point of an objection thereto." And it was said that the judge of the court below would be justified

in refusing to settle a bill of exceptions presented in that form. What is there said was not strictly pertinent to that case nor necessary to its determination, since no question as to the right to have settled the bill there criticised was involved in the appeal. But it is nevertheless true that the expression in that case as to the proper practice with reference to bills of exceptions presented in such form has in subsequent cases received the authoritative approval of this court. In *People* v. *Sprague*, 53 Cal. 422, involving directly the right of the defendant to the settlement of certain bills of exceptions proposed by him, which had been refused, the court say: " The judge was fully justified in refusing to settle and certify the bills of exceptions (so called) filed on the 16th and 18th of September. The first was a mere skeleton, containing no statement of evidence or rulings; the second was in the form pronounced 'reprehensible' in *People* v. *Getty, supra.*" While this last case seems to have been determined largely upon another point— that of a failure of defendant to give notice to the adverse party of the presentation of his bills—the point covered by the language quoted was involved, and what was said upon it cannot, therefore, be ignored. And in the case of *January* v. *Superior Court*, 73 Cal. 537, a proceeding, like the present, to compel by mandate the settlement of a bill, it is said: " The bill, as originally presented, was a transcript of the reporter's notes of the evidence and proceedings, and the court was justified in refusing to settle it." In *Sansome* v. *Myres*, 77 Cal. 353, where, in a proceeding to require the settlement of a bill of exceptions, the respondent answered that the reason for his refusal was that the proposed bill contained but a mere " defective skeleton" of the testimony and evidence, and the answer was demurred to as not stating sufficient ground for such refusal, the demurrer was overruled by this court, and it was held that the answer, if sustained by the facts, was good.

From these cases it may be fairly taken as established that in instances where the proposed bill is either

merely a copy of the reporter's transcript, without any effort to reduce to proper form for the purpose of presenting the questions involved; or where it is a mere skeleton, so bald of the essential requisites of the bill contemplated by the statute that it cannot in any true sense be regarded as such, it may be disregarded, and a settlement of it will not be required.

This doctrine, however, is a harsh and rigid one, and if inconsiderately applied would be liable to great abuse, and frequently operate a virtual denial of justice to a defendant, solely through the ignorance, incompetency, or indolence of counsel, for which he may be in no way responsible. For these reasons we are not disposed to extend its application to cases not falling strictly within the class to which it has heretofore been held to apply.

Even in such cases we are of the opinion that it would be better, as a general rule, if the judge of the trial court, disregarding as far as possible technical objections, should endeavor to settle the bill rather than refuse it. For this purpose it is not necessary that the labor of making a proper bill of exceptions should be assumed by the judge. The party presenting the objectionable bill could be required by the judge to put it in proper shape, giving a reasonable time for such purpose. As suggested in *Sansome* v. *Myers*, 80 Cal. 486: "We must not be understood as intending to justify the too prevalent habit on the part of some attorneys of presenting an imperfect statement, thereby casting upon opposing counsel and the court the labor of piecing out and making complete a statement that should have been made perfect by the appealing party in the first instance. Such a course, whether it results from a design to gain an undue advantage or from indolence, should be severely condemned, and the party practicing it should be required by the judge to make and present a proper statement."

For these reasons we are of opinion that the respondent should have proceeded to a settlement of the pro-

posed bill, and that a peremptory writ should issue to that end.

It is so ordered.

HARRISON, J., GAROUTTE, J., McFARLAND, J., HEN-SHAW, J., and BEATTY, C. J., concurred.

Mr. Justice TEMPLE, not having heard the argument, did not participate in the foregoing decision.