[S. F. No. 1408.   In Bank.—June 25, 1898.]

HARRY WINTERS. Petitioner, v. GEORGE H. BUCK, Judge of the Superior Court of San Mateo County, Respondent.

CRIMINAL LAW—BILL OF EXCEPTIONS—SETTLEMENT—MANDAMUS.—Where the bill of exceptions in a criminal case is either defective or redundant, it is the duty of the judge to require the attorney for the defendant to present a proper bill, within a reasonable time, and he should not altogether refuse to settle a bill of exceptions upon the ground that the proposed bill, when first presented, was substantially a transcript of the notes of the official stenographer taken by him upon the trial; and where an offer of the defendant's counsel to present a proper bill was not entertained, after the judge had refused to settle the improper bill, *mandamus* will issue from this court to compel the settlement of a proper bill.

PETITION to the Supreme Court, for a writ of mandate to compel the settlement of a bill of exceptions to be used upon appeal from a judgment of the Superior Court of San Mateo County, and from an order denying a new trial. George H. Buck, Judge.

The facts are stated in the opinion of the court.

Nagle & Nagle, for Petitioner.

Henry W. Walker, District Attorney, for Respondent.

HENSHAW, J.—The petitioner, Harry Winters, was convicted of murder in the first degree. He moved for a new trial, and his motion was denied. He gave notice of his appeal from the judgment and from the order denying him a new trial, and presented for settlement a purported bill of exceptions, which the trial judge, respondent herein, refused to settle, basing his refusal upon the fact that the proposed bill of exceptions was substantially a transcript of the notes of the official stenographer, taken by him upon the trial. This is an application for a writ of mandate to compel a settlement of the bill of exceptions.

In justice to the learned judge of the trial court it should be said that his refusal finds support in declarations in some of the adjudicated cases. (*People v. Getty*, 49 Cal. 581; *People v. Sprague*, 53 Cal. 422; *January v. Superior Court*, 73 Cal. 537.) But in its later utterances this court has softened the harsh rule previously laid down, and has expressed other views of the duty of the judge under the circumstances here presented, views which we think are more in consonance with the spirit of the law, and which certainly tend to secure to a defendant the benefits of an appeal, that otherwise, through no fault of his own, but through the indolence or indifference of his counsel, might be wholly lost to him. Thus, in *Cohen v. Wallace*, 107 Cal. 133, it is said that it would be far better if the judge of the trial court should disregard technical objections, and should endeavor to settle the bill, rather than to refuse it, and it is pointed out that it is not necessary that the labor of framing a proper bill should be cast upon the judge, but that the party presenting an improper bill could be required by the judge to remodel it. In *Sansome v. Myers*, 80 Cal. 483, the trial judge had refused to settle a bill of exceptions because it was inaccurate, untrue, and but a meager

and defective skeleton.  The court in Bank held this to be no sufficient ground for refusal, and what is there said to be the correct rule is as applicable to a case where the proposed bill is improper for deficiencies, as where it is improper for redundancy.  It is said in that case: "It was not the duty of the judge to prepare a statement, but it was his duty to see that one was properly prepared, and then sign it."  It is further said that for the judge to refuse to settle the statement, an imperative duty cast upon him by the statute (Pen. Code, secs. 1174, 1175), would place it in his power to deprive a litigant of his right of appeal by simply refusing to perform a plain duty.  It need not be apprehended from this that any undue or excessive labor will be cast upon trial judges.  If the proposed bill be radically objectionable or obnoxious, it is a simple matter for the trial judge to call upon the attorney to present a proper bill.  In this case the offer of defendant's counsel so to do after the refusal of the trial judge was not entertained.

Mr. Justice McFarland, in his concurring opinion in *Sansome v. Myers, supra,* has said: "If the document presented was not in   reality a bill of exceptions, that fact should have been called to the attention of the attorney presenting it; the judge should have informed him that for such reason the document would not be considered as a bill of exceptions, and that he must prepare a real bill within a reasonable time."  We think this language indicates the true rule, and the proper course under the circumstances for the judge to pursue.

Let the writ issue as prayed for.

Temple, J., Harrison, J., Van Fleet, J., and Beatty, C. J., concurred.

McFarland, J., dissented.

GAROUTTE, J., dissenting—I dissent.  In this case the defendant by his appeal makes the point that the evidence is not sufficient to establish his guilt.  To support this contention he presents to the trial judge a bill of exceptions containing all the evidence by question and answer introduced at the trial.  To recognize the legality of such a practice is to encourage indolent attorneys, greatly increase the labor of this court,

and double the expense entailed upon the various counties of the state in the printing of transcript upon appeal. This court has repeatedly held that the trial judge is justified in refusing to settle such a bill of exceptions, and has sustained his action in so refusing. (See cases cited in *Cohen v. Wallace*, 107 Cal. 133). There is no case to the contrary in the reports of this state.