[Civ. No. 1215.   Second Appellate District.—October 14, 1912.]

SAMUEL CRIPE, Petitioner, v. E. P. UNANGST, Judge of the Superior Court of the State of California in and for the County of San Luis Obispo, Respondent.

NEW TRIAL—SETTLEMENT OF STATEMENT ON MOTION—IMPROPER ORDER TO INSERT WHOLE EVIDENCE.—Where the defendant against whom judgment was rendered for fifteen hundred dollars, moved for a new trial, for insufficiency of the evidence to sustain the findings, and for alleged errors of law occurring at the trial, the court improperly ordered the striking out of the proposed statement, on the ground that it was meager and insufficient, and instead of ordering it properly amended, improperly ordered the defendant to insert the whole body of the evidence contained in the reporter's notes in lieu thereof, where it is evident from the issues involved, that the material evidence necessary to support the findings, and present the case fairly, could not require or justify such order, at an unnecessary expense, which would add more than one-fourth to the entire judgment against him.

ID.—PROPER RULE AS TO EVIDENCE IN STATEMENT BEARING UPON FINDINGS—SHOWING OF SUBSTANTIAL CONFLICT.—The proper rule as to the insertion of the evidence in a statement, where the findings of the court are assailed as being against the evidence, is to add to the evidence claimed to .be against the findings, such counter evidence, giving the names of the witnesses whose evidence is inserted, which would be in substantial conflict with the evidence thus inserted, and thus support the findings.   Where the party moving presents a meager and skeleton bill, he cannot complain that the amendments therein are inserted in general terms.

ID.—CODE RULE AS TO CONTENTS OF STATEMENT.—The Code of Civil Procedure directs the striking out of all redundant matter, and that only such of the evidence or other matter, necessary to explain the statement, and no more, shall be incorporated, and that the exceptions may be presented as briefly as possible; all of which indicates that it was intended that the reviewing court should not be required to go through a mass of unimportant, redundant, and unnecessary matter upon a review of the case.

ID.—INSUFFICIENT EXCUSE AS TO FORGETFULNESS OF JUDGE—POWER TO REFRESH MEMORY FROM REPORTER'S NOTES—MANDAMUS TO COMPEL SETTLEMENT.—It is no sufficient excuse for the order requiring the defendant to insert the whole body of the reporter's notes, by way of amendment to the statement, that the judge is unable to recollect the evidence, as he may refresh his memory by having the reporter read to him the contents of the evidence, and may make such

notes of counter evidence as will enable him to settle the statement properly; and *mandamus* will be granted upon the defendant's application, to compel the judge to settle the statement.

PETITION for Writ of Mandate directed to the Judge of the Superior Court of San Luis Obispo County.

The facts are stated in the opinion of the court.

Hester, Merrill & Craig, for Petitioner.

Lamy & Putnam, for Respondent.

ALLEN, P. J.—The affidavit in support of the application discloses that an action was tried before the respondent judge wherein a judgment was rendered against the defendant for the sum of one thousand five hundred dollars, the action being one for damages alleged to have been occasioned by defendant's alienating the affections of plaintiff's husband. A copy of the findings are attached to the petition, from which it appears that the only issues presented, heard, or determined were as to the marriage of plaintiff and the enticing away of plaintiff's husband through malicious statements and by arts and persuasions, by reason of which the damage resulted; that defendant in due time served his notice of intention to move for a new trial upon the ground that the evidence did not justify the said decision in favor of plaintiff, and because of errors of law occurring at the trial and duly excepted to, which motion, it was stated therein, would be made upon a statement of the case thereafter to be prepared by the petitioner. Petitioner alleged that he duly prepared a statement on such motion which contained specifications of the particulars in which it was alleged the evidence was insufficient to justify the findings of the court, and also the particular errors in law occurring at the trial; that this proposed statement was served upon plaintiff's counsel, who within due time proposed amendments thereto, which amendments consisted simply of a motion to strike out all of the testimony contained in the proposed statement, and asking for an order that the evidence taken down by the court reporter, either by questions and answers or in narrative form, be substituted. Upon the date set for settling the statement petitioner's counsel ob-

jected to a consideration of the proposed amendments for the reason that the same were not such amendments as were authorized by our statute. The court, however, overruled such objection and made its order that said amendments as proposed by plaintiff should be allowed, and refused to settle any other bill. It is averred that the said transcription of the testimony and proceeding ordered by the court would cost in excess of three hundred and seventy-five dollars and would embrace more than seven hundred pages of typewritten matter; that plaintiff is insolvent and cannot be compelled to pay any portion of such transcription fees. Respondent by his verified return alleges that the proposed statement contained only twenty-seven pages of the evidence and the same was incomplete, incorrect, and misleading; that it would be a practical impossibility to propose concrete and definite amendments to said alleged statement of defendant for the reason that the same was meager, confusing, misleading, and intermingled; that much of the testimony omitted from said proposed statement is material; that the contradictory testimony was entirely omitted, and that the only way in which a statement intelligible in form can be presented is through a narrative report of the proceedings; that such time has elapsed since the trial that respondent cannot from memory and recollection, without the aid of a transcript of the record, state the exact wording and form of such amendments as are necessary to fully and fairly present the record of said cause, and for that reason he has refused to settle any statement other than such as ordered.

It has been determined by our supreme court in *People* v. *Getty,* 49 Cal. 581, that it was never intended that the reporter's notes should constitute a bill of exceptions, and that a judge would be justified in refusing to settle a bill presented in that form. (*People* v. *Sprague,* 53 Cal. 422.) In *Cohen* v. *Wallace,* 107 Cal. 140, [40 Pac. 101], it is determined that a party presenting an objectionable bill could be required by the judge to put it in proper shape, giving a reasonable time for such purpose. And in the later case of *Vatcher* v. *Wilbur,* 144 Cal. 538, [78 Pac. 14], it has been determined that amendments such as proposed in the case under consideration were not proper and the order of the court requiring such amendments was not warranted; that "it is not necessary in pre-

paring a statement or bill of exceptions for use in this court
to give the evidence in full, where the question to be presented
is solely as to the sufficiency of conflicting evidence to sustain
a particular finding.    All that is required is, that a sufficient
amount of the evidence be inserted bearing upon each side of
the question to show a substantial conflict.''    And further,
that where evidence is omitted, which is material and upon
which findings are based, all that is necessary is to give so
much of the evidence as to each of the witnesses, naming them,
as would be sufficient to show in substance all of the evidence
bearing upon the questions presented by the findings; that
where an appellant presents a mere skeleton bill he cannot
complain if the amendments are in general terms.    It is not
disputed in this case that the expense devolving upon the only
solvent litigant in the preparation of the statement amounts
to more than one-quarter of the entire judgment.    It is ob-
vious from the character of the issues presented upon the trial
that the material evidence, or such of the evidence as is neces-
sary to present the case, could be presented in less than seven
hundred pages of typewritten matter.    Aside from the ques-
tion of expense to the litigants, our Code of Civil Procedure
directs the striking out of all redundant matter, that only such
of the evidence or other matter necessary to explain the state-
ment, and no more, shall be incorporated, and that the excep-
tions may be presented as briefly as possible, all of which indi-
cates that it was intended as well that a reviewing court should
not be required to go through a mass of unimportant, redun-
dant, and unnecessary matter upon a review of the case.    We
are of the opinion that our supreme court in *Vatcher* v. *Wil-
bur,* 144 Cal. 538, [78 Pac. 14], has laid down a rule and guide
to trial courts in proceedings of this nature which can be
observed and should be observed.    If, as alleged by respond-
ent in his affidavit, he has forgotten by reason of the lapse of
time many important matters, that difficulty can be obviated
by having the reporter read to him the notes taken at the trial,
from which the judge may intelligently and properly direct
appellant as to the manner and character of the statement
which should be prepared and which only he is willing to
settle.

For the reasons assigned in *Vatcher* v. *Wilbur,* and upon
the authority of that case, ''we think, therefore, under the

circumstances of this case, it was not a proper exercise of the discretion vested in the respondent judge to require a transcription of the full reporter's notes as a condition for settling said statement, and, for that reason, a peremptory writ should issue requiring him to settle the same,'' and it is so ordered.

James, J., and Shaw, J., concurred.