MARTÍNEZ, PETITIONER, *v.* SOTO NUSSA, DISTRICT JUDGE, RESPONDENT.

Petition for a Writ of *Mandamus* to the Judge of the District Court of Aguadilla.

No. 148.—Decided June 22, 1915.

MANDAMUS—STATEMENT OF CASE.—The appellate court is without authority to order the court below by virtue of a writ of *mandamus* to sign and approve

a statement of the case in a particular way, for it is the judge below who must settle the case. The court may, however, order a judge to settle a statement.

STATEMENT OF CASE—STENOGRAPHER'S NOTES.—The trial court has the right to use the stenographer's notes to refresh its memory of the facts at the trial for the purpose of settling a statement of the case, but it is not authorized to order a party to make corrections or amendments by making use of the stenographer's notes.

STENOGRAPHER'S NOTES.—Pursuant to section 5 of the Act of March 10, 1904, the stenographer is required, upon application, to furnish to any of the parties a copy of his notes upon the payment of his fees therefor, but this section does not make it the duty of any of the parties to buy such notes.

ID.—STATEMENT OF THE CASE—EVIDENCE.—While it is true that in the case of *López* v. *American Railroad Company,* 11 P. R. R., 155, this court said that the stenographer's notes should be used by the attorney in preparing the bill of exceptions or statement of the case as this was perhaps the easiest way of getting at the truth, it was not meant thereby that there was a legal duty on the part of the appellant to use such notes. The attorney may prove the truth of his statements as other statements are proved to be true—by his own affidavit, by the affidavit of other stenographers, or sometimes by the affidavit of bystanders.

ID.—MINUTES OF COURT—CONSTRUCTION OF LAW.—The minutes of the court are never composed of the testimony of witnesses, but are the orders or actions of the court in response to motions or suggestions of counsel in the conduct of a trial, and in stating that the stenographer's notes shall constitute the minutes of the court, the Act of March 10, 1904, meant only that such notes should constitute the minutes so far as the minutes were reproduced in them.

MINUTES OF COURT.—The court, the attorneys and the public generally have the right to inspect the minutes of the court.

STATEMENT OF CASE — BILL OF EXCEPTIONS — BONA FIDE REPRESENTATION OF FACTS.—If the statement of the case or bill of exceptions is a *bona fide* representation of the facts of the trial which the appellant considers necessary, even if incomplete or mistaken in parts, the court should proceed to settle the case. If, however, said representation is not *bona fide;* in other words, if it is a garbled, non-genuine statement of the facts, the court is justified in refusing to approve the same.

ID.—AMENDMENTS OR ELIMINATIONS.—To settle a statement of the case does not mean that the court should make the same but that it should indicate to the appellant, with reasonable clearness, the amendments or eliminations he should make to conform to the truth of the facts. The better practice is to indicate the defects in the bill and the specific amendments to be made.

The facts are stated in the opinion.

The petitioner appeared *pro se.*

The respondent appeared *pro se.*

MR. JUSTICE WOLF delivered the opinion of the court.

This case involves the approval of a statement of the case

in the suit brought by Cecilia Méndez, in representation of
two of her children, against Víctor P. Martínez. This is the
second time the question of the approval of this statement of
the case has been before us; the first time by reason of an
application for a writ of *certiorari.* On the consideration of
that writ we annulled the proceeding of the District Court of
Aguadilla wherein it had decided that the statement of the
case presented by the petitioner in such *certiorari* case was
a nullity, one of the erroneous conceptions of the judge below
being that an appellant in preparing a statement of the case
or bill of exceptions must make use of the notes of the
stenographer.

When the case came back to the District Court of Agua-
dilla the judge of that court heard the parties and ordered
the appellant to amend his statement of the case in various
particulars, and, among other things, insisted that this court
did not mean by its decision in the *certiorari* case that the
court might not use the stenographer's notes to arrive at the
true state of facts; and, therefore, the District Court of Agua-
dilla ordered the appellant to amend his statement in regard
to the testimony of certain witnesses to conform to the stenog-
rapher's notes which the court had seen and which the court
said corresponded to the truth of the facts of the trial.
Thereupon the petitioner brought this *mandamus* proceeding
wherein he asks this court to order the judge of the district
court to approve and sign the statement of the case presented
by such petitioner. The petition also shows that the court
required other amendments, which we shall discuss hereafter;
but the principal controversy in this case is over the use of
of the stenographer's notes. From the answer of the court
below and the affidavits of the respondent it appears that
when the respondent went to look for the stenographer's
notes there was no copy of them on file, it apparently being
the idea of the judge below that the petitioner was under an
obligation to buy such notes.

The petitioner asks this court to order the court below to approve and sign the statement of the case as presented by petitioner, but this we are without authority to do by virtue of a writ of *mandamus* even if we were satisfied that the statement of the case was a true reflection of the facts of the trial. It is the judge below who must settle the case and this court has no authority to order him to settle it in a particular way by virtue of a writ of *mandamus*. We can, however, order a judge to "settle" a statement.

We agree with the court below that it has the right to use the stenographer's notes to refresh its memory of the facts at the trial, but we are also convinced that the court has no right to order corrections and amendments to be made, unless it puts the appellant in a position to make such corrections; and in order that appellant make such corrections the court has no right to insist that the appellant use the stenographer's notes. There is nothing in the law which requires an appellant to buy or use a copy of the stenographer's notes. A great deal of the trouble in this case arises out of the erroneous notions of the court with respect to what constitutes the minutes of the court and what role the stenographer and his notes play.

Section 5 of the Act of March 10, 1904, provides as follows:

"It shall be the duty of each reporter to furnish, on the application of the Attorney General, district *fiscal*, or any party to a suit in which a stenographic record has been made, a typewritten copy of the record, or any part thereof, for which he shall be entitled to receive, in addition to his salary, a fee of ten cents per one hundred words, to be paid by the party requesting the same and to be taxed as costs in the case against the party finally defeated in the action: *Provided*, When such copy is requested on behalf of The People of Porto Rico or by a defendant in a criminal case or his attorney, and where after conviction the defendant in a criminal case shall satisfy the court by affidavit or otherwise that he is unable, by reason of his poverty to pay for such copy so requested by him or his attorney. the stenographer shall issue such copy free of charge. And in all civil cases in which a party to an action shall file the required affi-

davit, showing his inability to pay the cost required by law, such person shall be entitled to the gratuitous services of the court stenographer on the same terms as the same are given to indigent persons in criminal cases, and the fees of the stenographer shall be included in the costs when the latter are imposed upon the party able to pay same.  Such copy of the record shall constitute *prima facie* the minutes of the court and may be used on all motions for new trials, review, or appeal, when minutes of the court may be used.''

This section makes it the duty of the stenographer to furish any of the parties with a copy of the stenographer's notes on request and fixes the rate to be charged for such notes; but 'it does not make it the duty of any of the parties to buy such notes.  It is true that in the case of *López* v. *American Railroad Company,* 11 P. R. R., 148, this court said:

''Of course, the stenographer's notes should be used by the attorney in preparing the bill of exceptions; that is the purpose for which they were made.  Such notes, nor copies thereof, are not under any circumstances to be sent to this court.  If any questions of law have been raised upon the trial they can be set out as they occurred in the bill of exceptions, together with the ruling of the court thereupon, and it should also be stated what objections were made by the party preparing the bill of exceptions, and what were the rulings of the court made thereon.''

But the court had just been saying that the unabridged notes of the stenographer should not be sent up but merely the evidence in narrative form.  The court meant that the attorney should, or might, or perhaps ought to, have availed himself of the stenographer's notes as being the most authentic source for the truth, but this court did not mean and did not say that there was a legal duty on the part of an appellant to use such notes.  If from his notes or even from his memory an attorney can present a current narrative of the facts of the trial or the statements of the witnesses that is substantially accurate, the court below should approve and sign the same; and an attorney may prove the truth of his statements, as other statements are proved to be true, by his own affidavit, by the affidavit of other stenographers, or some-

times by the affidavit of bystanders. 3 Cyc., 34–36. The statement of the case and the bill of exceptions existed before a court stenographer.

The court is in error when it says or intimates that the statement of witnesses and the stenographer's notes form the minutes of the court. What are the minutes of the court and what is their function is made clear by the case of *People* v. *Eligier et al.,* 9 P. R. R., 357, cited by the respondent for another purpose. The minutes of the court are never composed of the testimony of witnesses, but are the orders or actions of the court in response to motions or suggestions of counsel in the conduct of a trial. The minutes of the court might be almost anything else except the testimony and the objections and arguments of counsel. When the law says that the stenographer's notes shall constitute the minutes of the court it means that such notes should constitute the minutes so far as the minutes were reproduced in them. Such notes were formerly made by the clerk or the court itself. The law of 1904 did not mean to extend the meaning of the word "minutes," although it is comparatively easy to understand from the way the act is worded how the District Court of Aguadilla fell into the error it did. Nevertheless the court, to judge by its acts rather than its reasoning, did not consider the stenographer's notes as the minutes of the court for all purposes, else it would surely have caused the same to be incorporated in the record of the court below. Court, counsel and the public generally have the right to inspect the minutes of the court.

So much being premised, we shall discuss the question of when the *mandamus* ordinarily issues to compel the court to approve or settle a statement of the case or bill of exceptions. The rule is that if the statement or bill is a *bona fide* representation of the facts of the trial that the appellant finds necessary for the presentation of his statement of the case or bill of exceptions, even if incomplete or mistaken in parts, the court should proceed to settle the case. *Sansome* v. *My-*

*ers,* 77 Cal.. 353; *Sansome* v. *Myers,* 80 Cal., 483; *Cohen* v. *Wallace,* 107 Cal., 133–37–40; *Walkerley* v. *Green,* 104 Cal., 208–212; *Winters* v. *Buck,* 121 Cal., 281; *City of Santa Ana* v. *Ballard,* 126 Cal., 677; *Montana Lumber and Produce Co.* v. *Howard,* 10 Mont., 297; *Pacific Land Ass'n et al.* v. *Hunt,* 38 Pac., 235. The same authorities bear out the proposition also that if such presentation is not a *bona fide* one, in other words, if·it is a garbled, non-genuine statement of the facts, the court is justified in refusing to approve the same. To settle a statement of the case does not mean that the court should make the same, but that it should indicate to the appellant, with reasonable clearness, the amendments or eliminations he should make to conform to the truth of the facts. We are not in a position in this case to say whether the statement presented by the appellant was really *bona fide* or not, but we do know that the court ordered or indicated that the appellant might make certain amendments to conform to the stenographer's notes. There is enough in the record before us to indicate that such notes were not spread upon the files or records of the court below nor in any other way available to the appellant except by purchasing the same of the stenographer.

We shall never insist that the court should practically make a statement for an appellant, and in this case if the court after a hearing had contented itself with refusing to approve the bill because a large part of the material testimony was suppressed, specifying the same, we should not have issued a writ of *mandamus* to compel the court below to "settle" the same without some more adequate presentation by petitioner to show that his "bill or statement" was presented *bona fide.* The affidavits and proof of petitioner are merely to the effect that from the notes taken by his stenographer and himself the statement of the case had been prepared. He relied partly on the failure of the other side to present amendments. There was no adequate showing that the "bill or statement" did in fact conform to the facts of the

trial. But the court below, from its standpoint, proceeding liberally, as a trial court should where a bill of exceptions or statement of the case is concerned, ordered the petitioner to present a new bill in accordance with the stenographer's notes, which the court had seen and accepted as containing the truth. If the court had at the same time delivered to the petitioner the copy of the stenographer's notes which it appears the court had in its possession, indicating the omitted testimony, there would perhaps be no objection to the action of the court. It is a better practice to indicate the defects in the bill and the specific amendments to be made.

There is no danger in an ordinary case that the parties will not request a copy of the stenographer's notes. Generally parties are only too anxious to have the stenographer's notes in order to facilitate their arguments before the court, their motions for new trial, and the preparation of their appeals.

At the trial of the principal case certain letters were presented in evidence of which the appellant made extracts for the alleged statement of the case. For various reasons the court below thinks these letters should come up as exhibits because their is some question of the comparison of signatures and also some question of whether the entire contents ought not to be transcribed. We think the court and the opposite parties were within their rights that the letters marked A, B, C, etc., should come up to this court as such exhibits.

In all other respects we think that the petitioner in this case should conform to the amendments and suggestions of the court.

It is not without considerable reluctance that this court orders the court below to settle the statement of the case. The petitioner, at a comparatively slight cost to himself, could have saved the court below and ourselves a great deal of time and unnecessary labor. Moreover, some of our most unsatisfactory and troublesome decisions arise in cases where the parties insist on representing themselves without the aid of

counsel. The situation is rarely alleviated by the fact that the appellant is a lawyer. His interests almost invariably interfere with his grasp and comprehension of the case. A party may appear for himself, but it is rarely the course of wisdom. These considerations, however, cannot affect the fact that the court ordered the petitioner to amend by the stenographer's notes without further specification, which was a mistaken position for the court to assume.

The permanent writ of *mandamus* ordering the court to proceed to settle the statement of the case in accordance with this opinion must issue.

*Petition granted.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.