[Civ. No. 4678. Second Appellate District, Division Two.—February 9, 1928.]

EMMA HERTTER, Appellant, v. J. L. ADDIS et al., Respondents.

LYDIA E. SEWARD, Appellant, v. J. L. ADDIS et al., Respondents.

Bertrand J. Wellman for Appellants.

William Ellis Lady for Respondents.

THOMPSON, J.—Two actions were commenced against the defendants and respondents arising out of an automobile collision, one by the plaintiff Emma Hertter for personal injuries and the other by the plaintiff Lydia E. Seward for injuries to herself and damages to the automobile owned and driven by her. The two actions, by stipulation, were tried together by the court without a jury, resulting in judgments for the defendants, and each appellant prosecutes an appeal from the judgments rendered against her.

■ Before reciting other facts we note that respondents object to the consideration of these appeals on the ground that the bill of exceptions was not settled within the time allowed by law. It appears that on March 28, 1923, and within the time provided for by section 650 of the Code of Civil Procedure, appellants served upon respondents' counsel a proposed bill of exceptions and that within ten days thereafter respondents served their proposed amendments, both of which were delivered to the trial judge on or about May 30, 1923, who fixed the thirtieth day of June as the day for the settlement thereof. On June 30th the judge declared that the proposed bill "was not a sufficient bill of exceptions because it did not contain all the evidence and granted plaintiffs until July 14 to present an amended bill." On July 14th the court fixed the time for the settlement as August 27, 1923. On August 13th appellants served their amendments and on August 27th the bill was settled. Defendants' counsel objected to the orders of June 30th and July 14th and now urge that counsel had no right, after presentation of their first proposed bill, to present "what would be a new proposed bill" and that the court had no power to extend the time for the presentation of "a brand new bill of exceptions long after the time within which same could be done had expired." The point made is without merit. In truth, the trial judge in this instance followed the procedure laid down by the supreme court speaking through Mr. Justice Works in the case of *Sansome* v. *Myers,* 80 Cal. 483 [22 Pac. 212], where it is said, in a *mandamus* proceeding to compel the settlement of a bill of exceptions, "if the attorney had omitted anything material, the judge should have directed and required him to insert it, or if matter was incorrectly stated, he should have required him to correct it, if the district attorney had neglected his duty by failing to propose the necessary amendments, which he seems to have done. If the petitioner had refused or neglected to so correct the proposed statement as directed, the judge would no doubt have been justified in refusing to settle the same, but not otherwise." The language of the court in this opinion has been quoted with approval in the cases of *Cohen* v. *Wallace,* 107 Cal. 133–137 [40 Pac. 101], and *Winters* v. *Buck,* 121 Cal. 279

[53 Pac. 799], and the rule there announced is, beyond question, the settled practice. ■ Furthermore, the rule is entirely consistent with the idea that the matter of diligence in the presentation of the record on appeal should be a subject of investigation in the trial court. (*Mill Valley* v. *Massachusetts etc. Co.*, 189 Cal. 52 [207 Pac. 253].) Had the proposed bill of exceptions not been presented within the time allowed by law, a very different question might have been made out, but here we are not dealing with a "brand new bill," but with amendments suggested by the court instead of adversary counsel in order that the record might faithfully portray the proceedings below.

■ The record before us shows that some time prior to December 6, 1922, the cases were set down for trial, at which time the appellants demanded a jury trial; that on December 4th, a check for the jury fees was received by the clerk, contained in a letter mailed on December 2, 1922. It is also made to appear that there were at the time of the trial and for some time prior thereto two rules of court in San Bernardino County which read as follows:

"JURY, DEMAND FOR—Any party to a civil action in which trial by jury is guaranteed by law, desiring a jury, must announce that a jury is required at the time the cause is first set for trial, if it be set upon notice or stipulation, or within five days after notice of setting if it be set without notice or stipulation.

"JURY, FEES OF—In all civil cases where juries are summoned and in attendance upon the court, the party demanding the jury shall pay into court the sum of thirty dollars at least five days before the day of trial, and on each day of the trial thereafter, and before any testimony is taken on said day, each party shall pay into court one-half of the jury fees for said day. All jury fees shall be taxed as costs in favor of the party prevailing in the action unless otherwise agreed by the parties. The court may in its discretion, at any time, require the fees of the jurors in attendance to be paid into court, to abide the event of suit."

When the cases were called for trial a jury was demanded and refused. No jury was in attendance and after the jury was denied no application for a continuance was made. Respondents assert that appellants waived their

right to a jury trial by failing to observe the rule. It will be noticed that nothing is said in the rule relative to whether a failure to observe the rules shall be deemed to constitute a waiver of the right to a trial by jury. In the recent case of *Norland* v. *Gould*, 200 Cal. 706 [254 Pac. 560], the supreme court determined that the failure to comply with a rule of court requiring an advance deposit, and providing: "If such sum is not so deposited a trial by jury shall be deemed waived," was a valid rule and noncompliance therewith constituted a waiver. In view of the failure of the rule under consideration to so declare, we must advert to further authority for our guidance. The constitution says: "The right of trial by jury shall be secured to all and remain inviolate; . . . A trial by jury may be waived . . . in civil actions by the consent of the parties signified in such manner as may be prescribed by law." (Const., art. I, sec. 7.) Prior to the amendment of 1915 to section 631 of the Code of Civil Procedure (Stats. 1915, p. 649), which will be noted shortly, the case of *People* v. *Metropolitan Surety Co.*, 164 Cal. 174 [Ann. Cas. 1914B, 1181, 128 Pac. 324], was decided, in which it was declared that "the legislature is thus given the sole power of declaring what shall constitute a waiver of trial by jury (*Exline* v. *Smith*, 5 Cal. 112), and has exercised its power by the enactment of section 631 of the Code of Civil Procedure etc. . . . " In 1915 the legislature added to the section subdivisions 4 and 5, which read as follows: "When trial by jury may be waived . . . 4. By failing to announce that a jury is required, at the time the cause is first set upon the trial calendar if it be set upon notice or stipulation, or within five days after notice of setting if it be set without notice or stipulation. 5. By failing, at the beginning of each day's session, to deposit with the clerk the jury fees and, if there be any, the mileage for such day." It is apparent that appellants' rights to a trial by jury were not waived in any of the manners provided by the section from which we have just quoted. Had the rule provided that a waiver should result by reason of noncompliance therewith, we should be bound by the declaration in *Norland* v. *Gould*, *supra*, notwithstanding that the opinion in the last-named case does not mention the amendments here-

tofore quoted. Having failed to so provide, we are not free in face of the constitutional provision and the legislative enactment requiring payment of the fees "at the beginning of each day's session" to indulge the presumption that it was the intention of the judges of the court to affix a waiver as a result of noncompliance rather than some other provision. In one of the earlier cases upon this subject, *Biggs* v. *Lloyd,* 70 Cal. 447 [11 Pac. 831], it is said with reference to rules of court: "Did the failure by defendants to demand a jury on the law day constitute a waiver of their right to a trial by jury on the day for which the cause was set for trial? We think not. For the court had no power to declare by its rules what shall constitute a waiver of a constitutional right; and the rules themselves *do not declare* that the failure to demand a jury in a case upon the calling of the case on the law day to be set for trial *shall amount to a waiver."* (Italics ours.) Again, in the case of *Farwell* v. *Murray,* 104 Cal. 464 [38 Pac. 199], the court says: "We see nothing in the record showing such waiver, and therefore conclude that the court erred in its ruling." Expressing somewhat the same thought, although not in connection with a rule of court, is the language of *Platt* v. *Havens,* 119 Cal. 244 [51 Pac. 342], where it is said: "We think this too vague and uncertain a basis upon which, in the face of our code, to found a waiver. It was held in an early case (*Smith* v. *Polack,* 2 Cal. 92) that the right of trial by jury cannot be waived by implication." The case to which reference is made in this quotation is in fact a bit stronger than the quotation would lead us to believe, because it is there said: "This waiver must appear affirmatively, and not by implication." The authority of *Adams* v. *Crawford,* 116 Cal. 495 [48 Pac. 488], is not in point for the reason, as the court is careful to point out, that while the court did require the fees to be deposited " 'within five days after making such demand' " "the plaintiff did not then, nor had he at any time, made or offered to make such deposit." Further we might add that the legislature had not exercised its legislative authority respecting the time when the fees should be deposited as it has at this time. The authority of *Conneau* v. *Geis,* 73 Cal. 176 [2 Am. St. Rep. 785, 14 Pac. 580], is likewise no authority here for the reason that the party demanding a

jury in the case declined to deposit the first day's fees "before the commencement of the trial," arguing that the court could not require the fees to be advanced. We are of the opinion that the court here was in error in refusing to grant appellants' demand for a jury trial.

Nor did appellants waive their right to a trial by jury by going to trial after it had been denied. The right having been denied, appellants were clearly within their rights in going to trial and seeking to have the action of the court reversed upon an appeal from the judgment. (*In re Robinson*, 106 Cal. 493 [39 Pac. 862].)

The remaining points urged by the appellants are that the court erred in not finding that the defendants were guilty of negligence as a matter of law in driving their automobile between thirty and thirty-five miles per hour upon the public highway when the plaintiffs were in an automobile only about 300 feet in front of them, and also that the court erred in not finding as a matter of law that the defendants had a last clear chance to avoid the collision.

We have examined the testimony and are satisfied that the findings were based upon a conflict in the testimony, and relying upon the rule that they should not be disturbed in such instances, we must decline to say that the defendants were guilty of negligence as a matter of law or that they had the last clear chance to avoid the collision.

The judgment in each case is reversed.

Works, P. J., and Stephens, J., *pro tem.*, concurred.

A petition by respondents to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 9, 1928.

All the Justices concurred.