[Civ. No. 9262. Second Appellate District, Division One.—December 12, 1933.]

MARTHA A. KOUTS, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

W. C. Dalzell for Petitioner.

Everett A. Mattoon, County Counsel, and Fred M. Cross, Deputy County Counsel, for Respondents.

HOUSER, J.—Following a ruling made by the trial court on each of three motions which were presented to said court, each at a time different from that of either of the others, the petitioner herein, who was the "aggrieved" party in the trial court, presented to said court for its settlement thereof her proposed bill of exceptions.

For the purpose of considering the point here at issue, it is unnecessary to set forth more than an excerpt or example of the contents of the proposed bill of exceptions. After the title of the court and cause, the following appeared:

"Be it remembered that on February 10, 1933, the following motion came on to be heard in Department 43 of this court, . . . (here print notice of motion for February 7, 1933, and affidavits of William F. McLaughlin and Thomas B. Kouts and supplementary affidavit of William F. McLaughlin dated Feb. 4, 1933).

"That defendant appeared by his counsel George I. Devor and plaintiff appeared in person and by her counsel W. C. Dalzell. That thereupon the following proceedings took place: (Setting forth what appears to be a transcript of what was said by the court and respective counsel at that time.)

"Thereupon the following minute order was made: (here print the minute order of February 10, 1933); and was entered at the margin of the entry of the original interlocutory decree on the 20th day of February, 1933, as follows: (here print the marginal stamped entry.)

"Thereafter on February 17, 1933, counsel for the defendant presented to the court for signature and in the absence of plaintiff and her counsel and the court signed the following order: (here print the order of February 17, 1933); which was entered on February 24th, 1933, in Book 842, page 242, of judgments."

The course pursued as to the other rulings of which complaint was made are practically indentical in form with that hereinbefore outlined as to the first of such rulings. Then followed the several "specifications of error", together with a form of order of settlement of the proposed bill of exceptions.

The respondent to the proposed bill of exceptions interposed several objections thereto, as follows:

"(1) That the proposed bill of exceptions was not such as was required by law.

"(2) That it purported to cover several appeals, and that there should be a bill of exceptions for each appeal."

The remaining objections of the respondent to the proposed bill of exceptions related to different motions to strike from said bill specified portions thereof.

According to the allegations contained in the petition herein, which statement is admitted to be true by the respondents, when the matter of settlement of the proposed bill of exceptions came on for hearing before the trial court, the following occurred:

"Mr. Devor: If the Court please, I am willing to submit the settlement to the court upon the proposed bill of exceptions and our objections.

"Mr. Dalzell: I too, am willing to submit the matter but with one or two provisos. First, may I ask if the court has any different recollection of its own as to what took place at these proceedings?

"The Court: Yes, when I look over the papers it will come back to me.

"Mr. Dalzell: Then we have to prepare our engrossed Bill within ten days after this settlement. The engrossed bill will be rather long. May I request that I be notified immediately when the bill is settled?

"The Court: Yes, you will be notified.

"Mr. Dalzell: Very well, submitted.

"That on the same day, to-wit, May 19, 1933, the court entered its order refusing to settle the bill of exceptions on the ground that the proposed bill was incomplete."

Thereafter, on application by the petitioner, this court issued its alternative writ of mandate by which, in effect, the respondents were directed to show cause why the proposed bill of exceptions should not be settled. The re-

spondents having appeared and filed a demurrer to the petition and an answer thereto, the question for determination is whether, in the form presented, the trial court was lawfully required to settle the proposed bill of exceptions.

In the case of *Sansome* v. *Myers*, 80 Cal. 483 [22 Pac. 212], a ruling was made which, on the facts there present, appears to be conclusive of the point here at issue, to wit: that although a proposed bill of exceptions, apparently prepared in good faith, may be but "skeleton" in form, and even inaccurate in may respects, meager and partial, nevertheless the trial judge is unauthorized to refuse to settle it because of such various imperfections. However, as therein was also decided, before doing so, he may require a correction of the several defects appearing in the proposed bill, together with a corresponding restatement of it. (See, also, *Cohen* v. *Wallace*, 107 Cal. 133 [40 Pac. 101]; *Winters* v. *Buck*, 121 Cal. 279 [53 Pac. 799]; *Hertter* v. *Addis*, 89 Cal. App. 160 [265 Pac. 298].)

Accordingly, it is ordered that the demurrer to the petition be, and it is overruled; and that subject to the right in the respondent court to direct the petitioner, in particulars which may be specified by said court, to make and present a proper bill of exceptions as to each of several orders from which the appeal is proposed to be taken,—the said respondent court proceed in due course to the settlement of the bill of exceptions, either as already presented, or as hereafter to be presented, pursuant to amendments which may be made thereto in accord with the order of the trial court as aforesaid.

Conrey, P. J., and York, J., concurred