[Civ. No. 4747. Second Appellate District, Division Two.—June 17, 1924.].

## N. A. WOLCOTT, Petitioner, v. JOHN L. HUDNER, Judge, etc., Respondent.

[1] APPEAL — FAILURE TO REQUEST REPORTER'S TRANSCRIPT — RELIEF UNDER SECTION 473, CODE OF CIVIL PROCEDURE—STAY OF PROCEEDINGS—CERTIFICATION OF TRANSCRIPT.—Under section 942 et seq. of the Code of Civil Procedure, where an appeal is taken from an order granting relief under section 473 of that code from the effect of failure to give the clerk timely notice of intention to appeal and of a request for a reporter's transcript, such appeal has the effect of staying all proceedings in the trial court "upon the . . . order appealed from"; and, during the pendency of such appeal, the trial judge is without authority to certify to the truth and correctness of the reporter's transcript.

(1) 3 **C. J.**, p. 1273, sec. 1395, p. 1319, sec. 1448.

PROCEEDING in Mandamus to compel certification of a reporter's transcript. John L. Hudner, Judge Presiding. Writ denied.

The facts are stated in the opinion of the court.

Stutsman & Stutsman for Petitioner.

J. M. Fursee and Dan V. Noland for Respondent.

FINLAYSON, P. J.—This is a petition for a writ of mandate directing the Honorable John L. Hudner, Judge of the superior court in and for the county of San Benito, to certify to the truth and correctness of a reporter's transcript in accordance with the provisions of section 953a of the Code of Civil Procedure.

Petitioner is one of the defendants in the case of *Callaway et al.* v. *Wolcott et al.*, a case brought in the superior court in and for the county of Los Angeles and which was there tried before respondent, who was sitting in one of the extra sessions of that court. The plaintiffs in that action recov-

1.  See 2 **Cal. Jur.** 415.

ered judgment. From that judgment the petitioner in this proceeding took an appeal to the supreme court. It was his intention to bring up a record on appeal prepared under the alternative method, so called, i. e., under the method provided for by section 953a of the Code of Civil Procedure. Petitioner neglected, however, to file the necessary notice with the clerk within the ten-day period prescribed by that section to entitle him to a certified transcript of the reporter's phonographic report of the trial. Because of this remissness on his part petitioner presented a motion under section 473 of the Code of Civil Procedure to be relieved from the effect of his failure to give the clerk timely notice of his intention to appeal and of his request for a reporter's transcript. The motion was heard by the Honorable Victor R. McLucas, one of the judges of the superior court for Los Angeles County, who granted the motion and made an order relieving petitioner from the effect of his default. Thereupon petitioner filed with the clerk the notice required by section 953a. Within a few days after the entry of Judge McLucas' order an appeal therefrom to the supreme court was taken by the plaintiffs in the action. Thereafter petitioner presented a reporter's transcript to respondent with the request that he, as the judge before whom the case was tried, certify to the truth and correctness of the transcript. Respondent refuses to certify to the transcript pending the appeal from the order made by Judge McLucas.

Petitioner contends that since the order made by Judge McLucas relieved him from the effect of his default in failing to give the clerk timely notice of his intention to appeal and of his request for a transcript, it is now respondent's duty to certify to the truth and correctness of the reporter's transcript. Respondent, on the other hand, contends that the appeal from the order of Judge McLucas stays all further proceedings thereon in the superior court, and that therefore it is not his duty to certify to the reporter's transcript until final disposition shall have been made of that appeal.

In their presentation of the question as to respondent's duty in the premises counsel on both sides have assumed that the order made by Judge McLucas is appealable, and we, therefore, shall follow their lead by indulging in the same assumption.

[1] Sections 942–945 of the Code of Civil Procedure provide a mode by which the "execution" of the judgment or order appealed from may in certain cases be stayed until the determination of the appeal, and section 949 provides that "in cases not provided for" in those sections the perfecting of an appeal "stays proceedings in the court below upon the judgment or order appealed from," except as to certain designated matters not necessary to be enumerated here. As the order of Judge McLucas granting relief to petitioner under section 473 is not one of the orders mentioned in sections 942–945, it follows that the appeal from that order had the effect of staying all *proceedings* in the court below "upon the . . . order appealed from."

It only remains to consider whether the act of respondent, if he were to certify to the truth and correctness of the reporter's transcript, would be a "proceeding" upon the order appealed from within the meaning of section 949. That section, in so far as it is germane to the question here under consideration, has so frequently been construed by our supreme court that we are not left in doubt as to its general scope and effect. Thus in *Dewey* v. *Supreme Court*, 81 Cal. 68 [22 Pac. 333], it is said: "During the pendency of the appeal the court below could do no act which did not look to the holding of the subject of the litigation just as it existed when the decree was rendered." "The effect of the appeal," says the court in *Vosburg* v. *Vosburg*, 137 Cal. 493 [70 Pac. 473], "is to remove the subject matter of the order from the jurisdiction of the lower court, and that court is without power to proceed further as to any matter embraced therein until the appeal is determined." (See, also, *In re Dupes*, 31 Cal. App. 698 [161 Pac. 276].) In *Ruggles* v. *Superior Court*, 103 Cal. 128 [37 Pac. 211], the court says: "By the appeal the order or decree is set at large, and the subject matter removed from the jurisdiction of the lower court until the appeal has been determined and the matter remitted back from the appellate court." In *State I. & I. Co.* v. *San Francisco*, 101 Cal. 150 [35 Pac. 549], the court expresses itself as follows: "The effect of an appeal from a judgment when the proceedings thereon are stayed is to preserve the rights of the parties to the controversy in the same condition they were prior to the entry of the judgment."

Under the principles as thus announced we think it clear that not only is it not respondent's duty to certify to the transcript pending the appeal from Judge McLucas' order, but that he is without authority to do so until final disposition shall have been made of that appeal. Because the appeal from Judge McLucas' order operated to stay all proceedings thereon in the superior court, respondent's authority to certify to the truth and correctness of the reporter's transcript subsequent to the appeal from the order is precisely what it was prior to the making of the order. The effect of the appeal was to preserve the rights of the parties in the same condition they were before the order was made. Before he was relieved from the effect of his default by Judge McLucas' order, petitioner had lost his right to proceed with the preparation of a record under the alternative method (*Des Granges* v. *Granges,* 175 Cal. 67 [165 Pac. 13]); and contrariwise, the plaintiffs in the action had gained the right to object to any certification of the record by respondent. It is clear, therefore, that if we were to direct respondent to certify to the reporter's transcript while the appeal from Judge McLucas' order is pending, the rights possessed immediately prior to the making of that order by the parties who appealed therefrom would not be preserved the same as they were before the order. Our mandate would operate to carry the order into effect notwithstanding the appeal, and might render a reversal of the order entirely ineffectual. The case is not distinguishable in principle from *Foster* v. *Superior Court,* 115 Cal. 279 [47 Pac. 58], *Stewart* v. *Superior Court,* 100 Cal. 543 [35 Pac. 156, 563], *State I. & I. Co.* v. *San Francisco, supra,* and *Estate of Loyd,* 175 Cal. 699 [167 Pac. 157]. It results inevitably from these considerations that the writ should be denied.

The alternative writ of mandate heretofore issued is discharged and the application for the peremptory writ is denied.

Works, J., and Craig, J., concurred.