[Civ. No. 2934.   Third Appellate District.—December 24, 1924.]

RUTH JONES, Petitioner, v. Honorable GEORGE F. BUCK, etc., et al., Respondents.

[1] BILL OF EXCEPTIONS—FAILURE TO PRESENT WITHIN TIME—APPEAL FROM ORDER RELIEVING DEFAULT—INVALIDITY OF ORDER SETTLING BILL—JURISDICTION.—Upon the filing of a notice of appeal by a plaintiff from an order relieving the defendant from its default and failure to present its bill of exceptions within the time allowed by law, the trial court thereafter has no jurisdiction to make an order purporting to settle the bill of exceptions.

---

(1) 3 C. J., p. 1254, n. 39, p. 1260, n. 63.

PROCEEDING on Certiorari to annul an order of the Superior Court of San Joaquin County settling bill of exceptions. George F. Buck, Judge. Writ granted.

The facts are stated in the opinion of the court.

Cooley & Gallagher for Petitioner.

Levinsky & Jones for Respondents.

PLUMMER, J.—This is a petition for a writ of review
whereby the petitioner seeks the judgment of this court set-
ting aside and annulling a certain order made and entered by
the superior court of the county of San Joaquin, Honorable
George F. Buck, presiding, on the sixteenth day of February,
1924, in an action then pending before said court, entitled
*"Ruth Jones, Plaintiff,* vs. *Southern Pacific Company, a
Corporation, et al., Defendants,* No. 16266."

The pleadings show the following facts: On the eighth day
of November, 1923, a judgment was entered in said superior
court in favor of the plaintiff in an action entitled, *"Ruth
Jones, Plaintiff,* vs. *Southern Pacific Company, a Corpora-
tion, et al., Defendants"*; that the respondent, Southern Pa-
cific Company, thereafter gave notice of its appeal and the time
within which it should have prepared and served its proposed
bill of exceptions lapsed prior to the fourteenth day of Janu-
ary, 1924; that on January 14, 1924, the said superior court,
upon application therefor by the respondent, Southern Pacific
Company, made and entered its order relieving the defendant,
Southern Pacific Company, in said action from its default
and failure to present its bill of exceptions within the time
allowed by law, and then and there permitted the defendant
in said action, respondent in this, Southern Pacific Company,
to file its said bill of exceptions; that thereafter, and on the
twenty-fourth day of January, 1924, the petitioner herein
(the plaintiff in said action against the Southern Pacific
Company) duly served and filed in said court in said cause
her notice of appeal whereby it appealed from the order
of said superior court so made and entered on the fourteenth
day of January, 1924, to the supreme court of the state of
California; that thereafter, and after said appeal by the
plaintiff in said action (the petitioner in this), the said su-
perior court on the sixteenth day of February, 1924, made
and entered in said cause its order settling said bill of ex-
ceptions presented by the Southern Pacific Company, the
defendant in said action, and the respondent in this, said
order being as follows:

"The within and foregoing bill of exceptions is hereby
settled and allowed as a bill of exceptions of the defendant,
Southern Pacific Company, a corporation, on its appeal from
the judgment made, given and entered in the above-entitled
action.

70 Cal. App.—24

"Dated this 16th day of February, 1924.

"(Signed)    GEORGE F. BUCK,

"Judge of the Superior Court of the State of California, in and for the County of San Joaquin."

It is the validity of this last order that is called in question herein. The facts which we have stated show that it was made some days after the petitioner in this proceeding, the plaintiff in the action in which the order was made, had appealed from the order of the said superior court setting aside the default of the defendant in said action, the respondent in this, upon proceedings based on section 473 of the Code of Civil Procedure, and therefore made and entered at a date when such matters were no longer within the jurisdiction of the trial court. The order just referred to was an order after final judgment, and under the terms and provisions of section 963 of the Code of Civil Procedure is an appealable order.

The questions presented by the petition herein are effectually disposed of by the following cases: *Jackson* v. *Dolan*, 58 Cal. App. 372 [208 Pac. 315], and *Wolcott* v. *Hudner*, 67 Cal. App. 704 [228 Pac. 46]. In *Jackson* v. *Dolan, supra,* in considering the effect of an appeal from an order granting a new trial, the law is thus stated: "An appeal from an order granting a new trial has the effect of removing from the jurisdiction of the trial court the subject matter of the judgment or order appealed from, including all questions going to the validity or correctness of such judgment or order, and the trial court thereafter · is without authority to vacate or set aside that order." In *Wolcott* v. *Hudner, supra,* a writ of mandate was sought to compel the trial court to perform the very act the validity of which is questioned in this case, and the following was the holding of the court in that case, quoting from the syllabus: "An order granting relief under section 473 of the Code of Civil Procedure from the effect of the failure of an appellant to give the clerk timely notice of his intention to appeal and of his request for a reporter's transcript is not one of the orders mentioned in sections 942–945 of the Code of Civil Procedure, and an appeal from such order had the effect of staying all proceedings below upon the . . . order appealed from." [1] Basing our judgment upon this case, it must be held that upon the filing of her notice of appeal from the order made

by the superior court in the case then pending in said court wherein the petitioner was plaintiff and the respondent defendant, on the fourteenth day of January, 1924, relieving the defendant from its default, the trial court thereafter had no jurisdiction to proceed further in the matter of settling the bill of exceptions tendered by the respondent in this proceeding, the defendant in said action, and that any order thereafter made purporting so to do must be adjudged of no validity. Upon the hearing hereof, the respondent requested that the decision of this matter be delayed until the appeal from the order made and entered by the superior court relieving the defendant from its default could be presented, but we do not see how such proceeding would in anywise expedite the final determination of the cause entitled *Ruth Jones, Plaintiff,* v. *Southern Pacific Company, a Corporation, et al.,* herein referred to, for the reason that though this court might determine that the default of the defendant was properly set aside, the settling of the bill of exceptions, however, would necessarily under the authorities which we have cited, have to be adjudged void, and the final hearing of the cause then continued until a bill of exceptions could be legally presented. It follows that the writ of review must be granted and the order of the trial court made and entered on the sixteenth day of February, 1924, hereinbefore set forth, purporting to settle the bill of exceptions in the cause referred to must be and is hereby annulled.

Hart, J., and Finch, P. J., concurred.