[Civ. No. 3717. Third Appellate District.—April 9, 1929.]

C. H. McWILLIAMS et al., Respondents, v. C. A. HUDSON et al., Appellants.

Woodruff, Musick, Pinney & Hartke and Ticknor, Carter & Webster for Appellants.

James Farraher and Ewell D. Moore for Respondents.

MONCUR, J., *pro tem.*—This is an appeal from an order of the trial court relieving respondents from their failure to file a bill of exceptions within ten days after notice of entry of an order denying a motion for a new trial.

In an action commenced by respondents herein, plaintiffs below, against appellants, judgment went for the appellants. Plaintiffs, within the time allowed by law, moved for a new trial, and the motion was denied on September 8, 1925, and notice of decision was served on respondents' counsel on September 17, 1925. No order or stipulation extending time within which to file a bill of exceptions was made. On October 31, 1925, plaintiffs, without notice to the defendants, or their counsel, made an *ex parte* application to the court for relief from their failure to file a proposed bill of exceptions within the period provided by law, and asked for leave of court to serve and file their proposed bill of exceptions to be used on appeal from the judgment rendered in the action, by November 6, 1925. The application was made upon the affidavit of one of counsel for plaintiffs, and on October 31, 1925, the trial judge made and entered an order relieving plaintiffs from their said failure to so file their bill of exceptions, and permitted them to serve and file the same on or before November 15, 1925.

■ It is the contention of appellants that the trial court was without authority to relieve the respondents from such failure to so file their bill of exceptions, for the reason that the time limit embraced in section 650 of the Code of Civil Procedure, within which the draft of a proposed bill of exceptions may be served upon the adverse party, is mandatory. This contention, however, cannot be sustained. (See *Banta* v. *Siller*, 121 Cal. 414 [53 Pac. 935], and cases therein cited.) The relief granted, of course, is based upon section 473 of the Code of Civil Procedure, and it is contended by appellants that the requirements of said section, particularly in respect to notice to counsel on the other side and an affidavit of merits, have not been complied with. However, in the view we take of the appeal it is not necessary to decide this matter. ■ It is the contention of respondents that the order appealed from is not an appealable order, and we are satisfied that this contention must be sustained. The case of *Kaltschmidt* v. *Weber*, 136 Cal. 675 [69 Pac. 497], seems to be squarely in point, and at page 676 of said decision it is said: "After a judgment of nonsuit had been entered in the above entitled action, the plaintiff served upon the defendant a proposed bill of exceptions to be used upon his motion for a new trial, to which the defendant served his proposed amendments. The plaintiff gave notice to the defendant that he did not accept the amendments, and that on a day designated he would present the same for settlement to the judge who had tried the cause. On that day the defendant objected to the settlement of the bill upon the ground that the same was not presented within the time allowed by law, presenting an affidavit in support of his objection. The judge continued the hearing until a subsequent day, at which time the plaintiff applied to be relieved from his neglect to present the bill for settlement, upon the ground that such neglect was excusable and owing to inadvertence, and presented certain affidavits in support of his motion. Affidavits in opposition thereto were also presented on the part of the defendant, and upon hearing the same the court granted the plaintiff's motion for relief. From this order the present appeal has been taken. The respondent now moves to dismiss the appeal upon the ground that the order is not appealable. The order appealed from is not 'a special order

made after final judgment,' within the meaning of subdivision 2 of section 963 of the Code of Civil Procedure, although it was made subsequent to the entry of judgment. 'It in no manner affected the judgment, or bore any relation to it, either by way of enforcing it or staying its operation.' (*Griess* v. *State Investment etc. Co.*, 93 Cal. 411 [28 Pac. 1041].) Neither is it a final determination of any matter affecting the appellant in the proceeding before the court in which it was made.''

Also, the case of *Kramm* v. *Stockton Electric R. R. Co.*, 22 Cal. App. 737 [136 Pac. 523], seems to be conclusive upon the right of appeal involved herein. At page 741 [136 Pac. 526], of said last-named decision it is said: ''A preliminary objection is urged by the plaintiff against a consideration of the bill of exceptions and the affidavits used by the defendant on its motion for a new trial on the ground that the same were not prepared and served within the time prescribed by law. The same point is made the subject of a distinct appeal in *Kramm* v. *Stockton Elec. R. R. Co.* (Civ. No. 1126), 22 Cal. App. 761 [136 Pac. 534], but the order relieving the defendant from its alleged default is not one from which an appeal is authorized (*Kaltschmidt* v. *Weber, supra*), hence said appeal has this day been dismissed.'' (See, also, to the same effect, *Lake* v. *Harris*, 198 Cal. 85, 89 [243 Pac. 417].)

The order appealed from herein not being an appealable order, it is ordered that the said appeal be and the same is hereby dismissed.

Thompson (R. L.), J., and Finch, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 9, 1929, and the following opinion then rendered thereon:

THE COURT.—Appellants in their petition for rehearing call our attention to the case of *Jones* v. *Buck*, 70 Cal. App. 368 [233 Pac. 82], which followed and adopted the rule announced in the case of *Wolcott* v. *Hudner*, 67 Cal. App. 704 [228 Pac. 46], holding that an appeal lies from an order relieving a party from default under section 473 of the Code of Civil Procedure for failure to present for settle-

ment a bill of exceptions to be used on appeal within the time provided by the codes; also to the fact that in 1915 the code was amended to provide for bills of exception on appeals which are not used on motions for new trial; and also to the fact that the ruling in *Kaltschmidt* v. *Weber*, 136 Cal. 675 [69 Pac. 497], relative to the relieving of a party from default on failure to present for settlement a statement on motion for new trial, is not applicable to circumstances such as were presented in the cases of *Jones* v. *Buck* and *Wolcott* v. *Hudner, supra,* which dealt only with the settlement of bills of exception to be used on appeal. While the language of section 963 of the Code of Civil Procedure would indicate that an appeal of the character involved in this action would lie, yet the question has been definitely settled contrary to the appellants' contention by the case of *Lake* v. *Harris,* 198 Cal. 85 [243 Pac. 417], and the two cases decided by the District Court of Appeal above referred to can no longer be considered as authority upon the right of a party to appeal from an order relieving one under section 473 of the Code of Civil Procedure from presenting, within the time allowed by law, a bill of exceptions to be used upon appeal.

The petition for rehearing is therefore denied.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 5, 1929.

All the Justices concurred.