[L. A. No. 13074. In Bank.—March 24, 1933.]

JOSEPH L. LEWITH, Appellant, v. MAE REHMKE, Respondent.

564

C. C. Pease for Appellant.

Gray, Cary, Ames & Driscoll and E. A. Walters for Respondent.

WASTE, C. J.—Plaintiff instituted this action to cancel a deed to certain real property and to quiet his title thereto. The complaint alleges that defendant procured the deed from plaintiff by certain threats made at a time when plaintiff was in a weakened mental condition and while defendant was acting as the fiduciary agent of the plaintiff. The cause was tried by the court sitting without a jury. From the judgment entered for defendant the plaintiff prosecuted an appeal. However, the proposed bill of exceptions to be used on such appeal was not prepared or served within the time limited by law. Appellant's default was due to his reliance upon certain orders of the trial court purporting

to extend the time therefor beyond the period fixed by sections 650 and 1054 of the Code of Civil Procedure. It is apparent upon an inspection of the record now before us that counsel for the appellant proceeded under the erroneous theory that the trial court's jurisdiction and power to grant extensions of time for the preparation and service of a proposed bill of exceptions was without statutory limitation. Section 1054 of the Code of Civil Procedure, however, expressly declares that the court below may not, without the consent of the adverse party, extend time for more than thirty days for the performance of certain acts. 

It has been repeatedly held by this court that the provision in section 650 of the Code of Civil Procedure providing that the draft of a bill may be prepared and served within ten days after notice of entry of an order denying a motion for new trial ''or such further time as the court in which the action is pending, or a judge thereof, may allow'' does not authorize the court to grant an indefinite extension of time for the preparation and service of the draft, but is to be read in connection with the restriction contained in said section 1054 upon the amount of time which may be allowed by the court. (*Cameron* v. *Arcata etc. R. Co.*, 129 Cal. 279 [61 Pac. 955].)

 Upon the discovery of his error, the appellant moved under section 473 of the Code of Civil Procedure to be relieved of his default. The court below denied the motion and plaintiff appealed therefrom. It is this latter appeal to which our attention is now directed, the disposition of which will, of course, have a material bearing upon the ultimate determination of the appeal from the judgment.

Any discussion as to the propriety of the trial court's action refusing to relieve the appellant from default in the preparation of his record must necessarily be prefaced by a reference to the settled principle of law that motions for relief from default under the remedial provisions of section 473, *supra,* are addressed to the sound discretion of the trial court, the exercise of which, in the absence of a clear showing of abuse, is not to be interfered with by an appellate tribunal. (*Waybright* v. *Anderson,* 200 Cal. 374, 377 [253 Pac. 148].) However, the existence of this salutary rule did not prevent this court from reversing an order refusing relief under circumstances substantially identical with

those here involved. (*California Nat. Bank* v. *El Dorado L. & M. Co.*, 200 Cal. 452, 455 [253 Pac. 704].) In the cited case it is declared: "While it was not within the power of the trial court to grant to the appellants herein, without the consent of the adverse party, an extension of time in excess of thirty days for the preparation and service of their proposed bill of exceptions (sec. 1054, Code Civ. Proc.), nevertheless, having exceeded its jurisdiction by extending the time therefor beyond the statutory limitation and the appellants having in good faith relied on such void orders extending time, the case would seem to fairly come within the remedial provisions of section 473 of the Code of Civil Procedure. The authorities indicate that a mistake of law may be availed of in support of a motion for relief under said code section for the provisions thereof are broad enough to include such mistakes within their scope. . . . In view of the appellants' reliance on the trial court's orders extending time for the preparation and service of the proposed bill . . . , we are of the opinion that a case is presented which would require the lower court in the sound exercise of its discretion to grant the relief prayed for. This being so, the appellants' motion to be relieved from default in the preparation and service of their proposed bill of exceptions was improperly denied by the court below."

While it is true, as urged by the respondent herein, that there appeared to be additional reasons suggesting the granting of relief to the appellants in the cited case, we were actuated in our reversal of the order in that case principally, if not solely, because of the appellants' reliance in good faith upon the void orders of the trial court purporting to extend the time for the preparation and service of the proposed bill of exceptions beyond the statutory period. The present case falls squarely within that rule and, in our opinion, warrants relief to the appellant. This will insure a hearing on the merits, which it is always the policy of the law to favor. (*Waybright* v. *Anderson, supra; O'Brien* v. *Leach*, 139 Cal. 220 [72 Pac. 1004, 96 Am. St. Rep. 105].)

In announcing our conclusion on this phase of the case we experience no difficulty with *Ingrim* v. *Epperson*, 137 Cal. 370, 372 [70 Pac. 165], relied on by the respondent. In

that case the party in default did not rely on any orders of the trial court purporting to extend the time for the preparation and service of the proposed bill of exceptions. There the default was attributable solely to the appellant's failure to prepare the same within the statutory time.

■ We are next confronted with an appeal from an order denying plaintiff's motion, made under section 662 of the Code of Civil Procedure, to vacate and set aside the findings and judgment and to reopen the case for further evidence. This evidence, as appears from the affidavit in support of the motion, consisted of two letters written by the defendant shortly before the deed here sought to be canceled was obtained by defendant and wherein it appears that defendant, as alleged in the complaint, was relying upon certain threats to procure the deed. Discovery of these letters was made by the plaintiff subsequent to the trial.

Preliminarily, respondent requests that we reconsider the question of the appealability of the order refusing to vacate the judgment and reopen the case, which question was heretofore decided adversely to her. (*Lewith* v. *Rehmke*, 215 Cal. 241 [9 Pac. (2d) 297].) We find it unnecessary at this time to pass upon either the appealability of such order or the propriety of the trial court's action in entering the same. At the conclusion of the trial of the cause the plaintiff duly moved for a new trial upon the ground, among others, of "newly discovered evidence, material to the plaintiff which he could not with reasonable diligence have discovered or produced at the trial." The motion for a new trial was denied. Inasmuch as the order denying the same is reviewable upon the appeal from the judgment, the trial court's action in refusing to reopen the case for the introduction of the asserted newly discovered evidence, which newly discovered evidence was also urged in support of the motion for new trial, may be considered and passed upon when the appeal from the judgment comes on for hearing on its merits. In fact, the matter can best be determined at that time for we will then have before us the duly settled bill of exceptions which is indispensable to a proper determination of the relevancy, competency and materiality of such evidence. This being so, the matter is now purely

academic and should properly await the disposition of the appeal from the judgment.

For the foregoing reasons, the order denying plaintiff's motion for relief from default in the preparation and service of his proposed bill of exceptions to be used on the appeal from the judgment is reversed, with directions to the court below to settle the same in accordance with law, all other matters and questions to abide the consideration and disposition of the appeal from the judgment.

Preston, J., Langdon, J., Curtis, J., Shenk, J., Seawell, J., and Thompson, J., concurred.