[Civ. No. 5733. Third Appellate District.—October 9, 1936.]

GEO. A. CLOUGH et al., Petitioners, v. THE SUPERIOR COURT OF TEHAMA COUNTY et al., Respondents.

George A. Clough, *in pro. per.,* and Pugh & Pugh for Petitioners.

No appearance for Respondents.

PLUMMER, J.—Application for a writ of mandate requiring Honorable H. S. Gans, as Judge of the Superior Court of the State of California, in and for the County of Tehama, to settle a certain bill of exceptions. The basis of the present proceeding was an action brought to condemn for highway purposes a strip of land through property known as "Deer Creek Meadows" belonging to the defendants. The action was prosecuted by the People of the State of California to condemn the strip of land referred to, for highway purposes. A description of the premises is unnecessary. The trial was had before a jury, and the petitioners in this proceeding were, in the action tried before the jury, awarded judgment in the sum of $470, as the value of 14.09 acres sought to be condemned. From this judgment the respondents in the eminent domain proceedings appealed, and thereafter tendered to the judge of the trial court a proposed bill of exceptions to be used on appeal.

Instead of proceeding to settle the bill of exceptions, the court in the action referred to made and entered the following order which (omitting title), is in the words and figures following, to wit:

"In this case, after the sixty-day period has elapsed, and the hearing was brought on pursuant to some stipulations and agreements between counsel apparently, the court is asked to settle a proposed bill of exceptions. The moving party claims that no amendments having been offered there is nothing for the court to do save sign and settle the documents as presented.

"The plaintiff claims that the bill is so defective that it does not present the true facts and is not a true record of the trial or of the several points raised. The moving party claims that he has given the substance of the matters and all that is required; and it is admitted that no transcript has been had and that the proposed bill was made up from

notes of counsel at trial and some small quantity of testimony that was written up. In this case there was a stenographic report of the proceedings. I have never yet heard of a record made up without a transcript when one was available. It seems to me that the record as it is should be presented to the court on an appeal, and that this court should not be asked to assume the burden of preparing a complete transcript, which would seem necessary if the court is to act upon this one at all. The court does not have the record and it is apparent that the record is not fully presented. I dislike very much to refuse to sign a transcript, but feel that in this case I am justified in so doing.

"I have no objection to signing any bill that will present the record upon each point raised as it occurred and is shown by the record.

"Accordingly, I shall decline and do now decline to sign this proposed bill.

"Dated, May 12, 1936.

"H. L. GANS, Judge.

"Filed May 12, 1936.

"R. H. HOLTHE, County Clerk,
"By MILTON HULL, Deputy."

In their petition for writ of mandate herein, only three grounds for appeal are mentioned, to wit:

1st. The right of the Pacific Electric Company to flood the lands belonging to the petitioners;

2d. That a certain deed was void for uncertainty;

3d. The admission in evidence of a list price of two four-acre tracts at the intersection of the highway with the Red Bluff-Chico highway.

The questions were asked of witnesses who testified as to the value of the lands proposed to be taken, as to whether those facts would lessen their estimates of value.

In the proposed bill of exceptions, in addition to what we have said, a number of exceptions to the ruling of the court are set forth, and also specifications as to the insufficiency of the evidence to sustain the decision.

Section 650 of the Code of Civil Procedure provides for the preparing and settling of bills of exception. ■ The cases are practically unanimous to the effect that only those portions of the testimony should be set forth in the bill of exceptions necessary to illustrate the points upon which

the appellant relies. The unanimity of the cases upon this point relieves us of the necessity of their citation. We have not examined the bill of exceptions to determine whether it does or does not contain sufficient of the testimony to properly present the exceptions and objections contained therein which may be urged before this court upon appeal; that is the province of the trial court.

Upon the presentation of the bill of exceptions for settlement and presentation to the judge of the trial court for settlement, it appears that the attorneys for the plaintiff in the eminent domain proceedings appeared and objected to the settlement of the bill of exceptions on the grounds that it was not a full and fair statement of the case and the exceptions upon which the appellants relied. No amendments were proposed and offered by the plaintiff or its counsel to the proposed bill of exceptions. Thereupon, the court made the order which we have set forth herein. This case is almost on all-fours with the case of *Sansome* v. *Myers*, 80 Cal. 483 [22 Pac. 212]. There, the trial court, upon presentation of a statement, refused to settle the same, giving the following reasons: ''The within bill of exceptions being this day finally submitted to me for settlement, I hereby refuse to settle the same, upon the ground that it is inaccurate, and in many respects untrue, and contains but a meager and partial statement of the facts and proceedings leading up to and connected with, and upon which the rulings of the court therein were had that are complained of, and also a mere defective skeleton of the testimony and evidence submitted to the jury, and upon which they rendered their verdict of guilty.'' The Supreme Court held that the reasons set forth were not sufficient grounds for refusing to settle the statement. It was there held that if anything was omitted from the statement, it was the duty of the district attorney to propose such amendments as would correct the errors; that it was also the duty of the trial court to have directed and required the appellant to insert such matters as should be inserted therein, or if matters were incorrectly stated, the court should have required appellant to correct them, and if the petitioner, the appellant, had refused or neglected to so correct the proposed statement, as directed by the judge, the judge would no doubt have been justified in refusing to settle the same, but not otherwise.

In this case, just as in the Sansome case, nothing of the kind was done. The record shows simply a refusal to settle the statement, without any direction to the appellants to correct what the judge considered errors, or supply any deficiency therein.

The cases are also unanimous that *mandamus* will lie to direct a trial judge to proceed with the settlement of a proposed bill of exceptions or statement on appeal.

Following the case of *Sansome* v. *Myers, supra,* it is ordered that the writ of mandate herein issue, commanding the Honorable H. S. Gans, as the Judge of the Superior Court of the State of California, in and for the County of Tehama, to proceed with the proposed settlement of the bill of exceptions tendered by the petitioners in action No. 5860 entitled *"The People of the State of California, acting by and through the Department of Public Works, Plaintiff,* v. *Pacific Gas and Electric Company, a Corporation, et als., Defendants",* directing the appellants in that action to correct any errors which the judge of said trial court shall find in said proposed bill of exceptions, and also to supply such portions of the proceedings had in the action referred to as may be necessary to supply any deficiencies in said proposed bill of exceptions.

For the purposes herein mentioned, let the writ issue as prayed for.

Pullen, P. J., and Thompson, J., concurred.