[L. A. No. 16615. In Bank.—December 22, 1938.]

CORDELIA ST. CLAIR, Petitioner, v. GEORGIA P. BULLOCK, as Judge of the Superior Court, etc., Respondent.

Henry E. Phister for Petitioner.

Everett W. Mattoon, County Counsel, Douglas De Coster, Chief Deputy County Counsel, and W. I. Gilbert for Respondent.

EDMONDS, J.—The petitioner in this original proceeding seeks a writ of mandate to compel the respondent Judge of the Superior Court of Los Angeles County to settle a proposed bill of exceptions which was presented in connection with her appeal from an order made after final judgment in a divorce action. The judge refused to settle the bill and, upon motion of the defendant, made an order striking it from the files.

In 1934, Cordelia St. Clair sued her husband for divorce and thereafter secured a final decree in her favor which ordered the defendant to pay to her "as and for alimony and for the support and maintenance of the plaintiff, one-half of the earnings of the defendant during the period of five years beginning on the 20th day of July, 1934, and ending on the 30th day of July, 1939''. By an affidavit filed in January, 1937, Mrs. St. Clair alleged that her former husband was then indebted to her in the sum of $10,200, which had accrued under the terms of the interlocutory and final decrees of divorce, and the court made an order directing him to appear and show cause why he should not be punished for contempt of court in not complying with the terms of the decrees previously made. Later she filed an affidavit reciting that Mr. St. Clair owed her $9,012.50 for alimony. Upon this affidavit execution issued pursuant to an order of court therefor.

Mr. St. Clair appeared in the contempt proceeding and denied that he was indebted to the petitioner in any amount. He also moved to recall the execution. After various hearings the court, on September 8, 1937, made an order that "Malcolm St. Clair is not guilty of contempt of court, and that he was not on the 15th day of June, 1937, or at any time prior thereto, indebted to the plaintiff, Cordelia St. Clair". A separate provision of the order is "that the executions heretofore levied . . . are hereby recalled and quashed, and the Sheriff is directed to release any and all levies made thereunder and to return all property held thereunder . . . to the defendant Malcolm St. Clair". On October 11, 1937, Mrs. St. Clair filed a notice of appeal from the order adjudging the defendant "not guilty of contempt of court, and that the said defendant was indebted to plaintiff, that executions levied . . . should be recalled and quashed and directing the Sheriff to release any and all levies made thereunder and adjudging that plaintiff is not entitled to any attorney's fees or court costs". The proposed bill of exceptions was presented as the record for that appeal.

In her petition for the writ of mandate the petitioner alleges: "That said proposed bill of exceptions was prepared, served and filed within the time allowed by law and contained all evidence that your petitioner honestly believed a bill of exceptions should contain in order to make it a fair and proper draft of a bill of exceptions. Such draft contained all of the exceptions and proceedings taken before the respondent upon which petitioner, appellant in said action, relies and included and contained all matters reviewable on the same appeal, all as required by section 650 of the Code of Civil Procedure. That said bill of exceptions specified the particulars therein in which the evidence is insufficient to justify said decision and error of law and sets forth substantially all the evidence given upon the trial relating to said specified particulars." To this petition the respondent filed a general demurrer and an answer.

A copy of the proposed bill, containing what purports to be copies of the pleadings in the divorce action, and also of many notices of motion, affidavits and orders, as well as a transcript of the testimony of witnesses, about 150 pages

in all, is presented to this court as an exhibit to the petition. The respondent judge's answer "denies that said proposed bill of exceptions was prepared, served and filed within the time allowed by law". She also "denies that said proposed bill of exceptions contained all evidence that a bill of exceptions should contain in order to make it a fair and proper draft of a bill of exceptions. Respondent denies that said bill of exceptions sets forth substantially, or even a fair portion of, all of the evidence given upon the trial and relating to the particulars in which the evidence is specified to be insufficient to justify the decision of respondent". As justification for the order striking the proposed bill of exceptions from the files the respondent alleges that "after considering all of said motions, the proposed amendments to said proposed bill of exceptions, and the stenographic report of said proceedings, together with the numerous exhibits submitted to respondent at the trial, she concluded that said proposed bill of exceptions did not contain a full and fair presentation of the evidence relating to the matters specified in said proposed bill of exceptions as errors, and that said proposed bill of exceptions was partial, meager, unfair, and a pretense and a sham, and that in order to present a fair bill of exceptions, it is the belief of respondent that either respondent or the defendant therein would be required to rewrite said bill of exceptions".

The only points presented by the respondent as grounds for denying the relief sought by the petitioner are that (1) an order striking a proposed bill of exceptions is properly made where the proposed bill is lacking in the essentials of such a document; (2) that the writ should not issue where the proposed bill is merely a sham or pretense and the court or the defendant would be required to prepare an entirely new bill in order to provide one which will fairly reflect the evidence relating to the errors assigned by the appellant; (3) it is the duty of the superior court to settle bills of exception, not to make them; and (4) a bill of exceptions must state so much of the evidence or other matter as is necessary to explain it. However, in so far as these statements are correct principles of law, they are inapplicable to the facts as alleged in the respondent's answer.

As early as 1889 this court required a trial judge to settle a bill of exceptions which he certified was ''inaccurate, and in many respects untrue, and contains but a meager and partial statement of the facts and proceedings leading up to and connected with and upon which the rulings of the court therein were had that are complained of, and also a mere defective skeleton of the testimony and evidence submitted to the jury, and upon which they rendered their verdict of guilty''. (*Sansome* v. *Myers,* 80 Cal. 483, 485 [22 Pac. 212].) In this case the court said that if anything was omitted from the proposed bill of exceptions or any matter was incorrectly stated, opposing counsel should offer such amendments as would correct the omissions or errors. It is the duty of the trial judge, said this court, to see that a correct bill of exceptions is prepared and then to sign it, although he may not be called upon to prepare one. Later the District Court of Appeal held on the authority of the Sansome case ''that although a proposed bill of exceptions, apparently prepared in good faith, may be but 'skeleton' in form, and even inaccurate in many respects, meager and partial'', nevertheless the trial judge is not justified in refusing to settle it because of these imperfections. (*Kouts* v. *Superior Court,* 135 Cal. App. 699 [27 Pac. (2d) 788].) And in *Clough* v. *Superior Court,* 17 Cal. App. (2d) 14 [61 Pac. (2d) 375], the doctrine of the Sansome case was again stated to be controlling and the respondent court directed to settle a bill.

Under the law as stated and applied in these cases, the facts alleged by the respondent in her answer, so far as they apply to the points relied upon, do not justify the order striking the proposed bill of exceptions from the files. The record presented by the petitioner shows that the bill of exceptions proposed by her is in the usual form. The defendant offered extensive amendments to it. So far as is shown, the petitioner did not decline to include these in the bill nor to revise it in other particulars. Under these circumstances the trial judge should either have allowed the amendments and directed the bill to be rewritten accordingly, or required such other changes as would make it conform to the facts. The petitioner is entitled to a record upon the appeal noticed by her.

The case of *Dainty Pretzel Co.* v. *Superior Court*, 7 Cal. App. (2d) 437 [45 Pac. (2d) 817], is not at variance with these conclusions. It came before the appellate court upon an order made by the trial judge striking the proposed bill of exceptions from the files upon the grounds, among others, "that it does not contain any of the essentials of a proposed bill of exceptions, and cannot be regarded as such; that it is not even a skeleton bill of exceptions; . . . and that a true bill could not be settled merely by suggestion of any amount of amendments to the proposed bill short of preparing an entirely new bill; . . . '' In declining to issue the writ, the District Court of Appeal, upon an examination of the proposed bill, held that it was deficient in the particulars specified by the trial judge and that it did not show any attempt to present such a fair and *bona fide* statement of the case as such an instrument should contain. However, in the present case an entirely different situation is shown.

Accordingly, the writ is granted and it is ordered that, subject to the right of the respondent judge to direct the petitioner to make and present a correct bill of exceptions to the order from which the appeal has been taken, she proceed in due course to the settlement thereof, either as already presented, or as hereafter to be presented pursuant to amendments which may be made thereto in accordance with the order of the court.

Shenk, J., Curtis, J., Waste, C. J., and Seawell, J., concurred.