[S. F. No. 16204.   In Bank.—July 20, 1939.]

H. E. MANNING, Appellant, v. CONSTANCE MAY GAVIN, Respondent.

Philip R. McEnerney for Appellant.

Leslie L. Heap, Jr., and J. Thaddeus Cline for Respondent.

SHENK, J.—This is a motion to dismiss an appeal from a judgment for the defendants in an action to recover attorney fees.

The record shows that a notice of the order denying the plaintiff's motion for a new trial was served on the plaintiff's attorneys, Samuel J. Jones and Philip McEnerney, on August 2, 1937; that the clerk in the office of attorney McEnerney inadvertently entered the date of service as August 30, 1937. Notice of appeal was filed on August 30, 1937. On September 7, 1937, Mr. McEnerney applied to the trial court for an order extending time within which to file a proposed bill of exceptions. The court made its order granting an extension to October 5, 1937. It is to be noted that the order was applied for and granted after the expiration of the ten-day period prescribed by section 650 of the Code of Civil Procedure for the filing of a proposed draft of the bill. Thereafter, on September 20, 1937, the defendant and respondent, Constance May Gavin, moved to set aside the order granting additional time as beyond the jurisdiction of the court; also to terminate the proceedings on appeal. On September 27, 1937, the trial court properly granted the motion to set aside the order extending time. (*Lewith* v. *Rehmke,* 217 Cal. 563 [20 Pac. (2d) 687] ; sec. 1054, Code Civ. Proc.) On October 2, 1937, the trial court denied the motion to terminate the proceedings for preparation of the record on appeal. At the same time it granted the plaintiff's motion theretofore made for relief from his default in failing to file a proposed bill of exceptions within the time prescribed by said section 650. The plaintiff filed

his proposed bill of exceptions on October 5th following, and subsequently the bill of exceptions was settled and filed.

The present motion to dismiss the appeal from the judgment is made on the grounds that on September 7, 1937, the court had no jurisdiction to extend the plaintiff's time within which to file a proposed bill of exceptions; and that the court abused its discretion in relieving the plaintiff from his default.

There is no necessity to discuss the first ground, inasmuch as the trial court vacated its order extending time and there is no such order subsisting and subject to review in this proceeding. The question is whether the trial court abused its discretion in relieving the plaintiff from his default.

The intendments are in favor of the trial court's order. The court must have believed that attorney McEnerney had charge of conducting the preparation of the record on appeal and that the delay in filing a proposed bill of exceptions was due to inadvertence of his clerk in entering an erroneous date of service of notice of the order denying the motion for a new trial. The time limit prescribed by said section 650 is not mandatory, but is directory only. (*McWilliams* v. *Hudson*, 98 Cal. App. 185, 187 [276 Pac. 598, 277 Pac. 529].) The trial court has power, pursuant to section 473 of the Code of Civil Procedure, upon a showing of excusable neglect or mistake, to relieve a party from his default in failing to file a transcript or proposed bill within time. (*Banta* v. *Siller*, 121 Cal. 414 [53 Pac. 935]; *Haviland* v. *Southern California Edison Co.*, 172 Cal. 601 [158 Pac. 328]; *Landreth* v. *Ducommun*, 8 Cal. (2d) 694 [68 Pac. (2d) 231].) It has been held that the inadvertent entry of an erroneous date in the journal of proceedings kept by the defaulting party's attorney would justify an order relieving the party from the default resulting therefrom. (*Haviland* v. *Southern California Edison Co., supra.*) We perceive no good reason to disturb the order of the trial court relieving the plaintiff from his default. It does not appear that the court abused its discretion in granting such relief.

The policy of the law generally favors the hearing of appeals on the merits. (*Lewith* v. *Rehmke, supra; Wood* v. *Peterson Farms Co.*, 214 Cal. 94 [3 Pac. (2d) 922]; *Haviland* v. *Southern California Edison Co., supra; Banta* v. *Siller, supra.*) In *Banta* v. *Siller, supra,* at page 416, it

was said: "Indeed, it has been frequently said here that in cases of doubt the court ought to resolve the doubt in favor of the application, so that the full merits of the litigation might be presented," citing cases.

The motion to dismiss the appeal is denied.

Edmonds, J., Houser, J., and Curtis, J., concurred.