[Civ. No. 11678. First Dist., Div. Two.—July 7, 1941.]

ELSA O. SCHMIDT et al., Plaintiffs; EMMA LOUISE SCHMIDT et al., Appellants, v. AUGUST HENRY SCHMIDT et al., Respondents.

Harry Gottesfeld for Appellants.

Russell Scott for Respondents.

SPENCE, J.—This is an appeal from an order of the trial court refusing to grant relief from appellants' failure to file a proposed bill of exceptions within the time allowed by law and refusing to settle appellants' proposed bill of exceptions filed after the time allowed by law had expired.

On March 28, 1938, appellants were served with notice of the order denying their motion for a new trial. Their proposed bill of exceptions was not filed until May 13, 1938, and it is conceded that it was not filed within time. (Code of Civil Procedure, sec. 1054.) On May 23, 1938, respondents filed their objections to said proposed bill upon the ground that it had not been filed within time and upon the further ground that said bill was a "mere skeleton bill, so bald of the essential requirements of a bill of exceptions contemplated by law that it cannot in any true sense be regarded as such". The numerous alleged deficiencies in the proposed bill were set forth in detail. Respondents, without waiving the foregoing objections to the proposed bill, also proposed numerous amendments thereto. On June 3, 1938, appellants filed a notice of motion for relief from their default and for permission to file the proposed bill of exceptions theretofore filed by them as the bill of exceptions for settlement by the court. After the hearing of said motion the trial court signed and filed its written order as above indicated in which it found that the proposed bill had not been filed within the time allowed by law; that the default of appellants was not the result of any mistake, inadvertence, surprise or excusable neglect; that the proposed bill contained only a very small portion of the material testimony and was "a mere skeleton of

the said proceedings and testimony, so bald of the essential requisites of a bill of exceptions contemplated by law that it cannot in any true sense be regarded as a bill of exceptions''; that counsel for appellants had not presented or proposed to present any required bill of exceptions as an amendment or substitute for the proposed bill theretofore filed; and that the interests of justice did not require the granting of the motion for relief.

Relying upon the fact that they had obtained an invalid order of the trial court for an extension of time to May 13, 1938, to file the proposed bill, appellants first contend that the trial court abused its discretion in refusing to grant them relief under section 473 of the Code of Civil Procedure. (*Lewith* v. *Rehmke*, 217 Cal. 563 [20 Pac. (2d) 687].) Under a separate heading, they further contend that a trial court cannot refuse to settle a bill of exceptions merely because it is a skeleton bill. (*St. Clair* v. *Bullock*, 12 Cal. (2d) 450 [85 Pac. (2d) 867]; *Kouts* v. *Superior Court*, 135 Cal. App. 699 [27 Pac. (2d) 788]; *Clough* v. *Superior Court*, 17 Cal. App. (2d) 14 [61 Pac. (2d) 375].) We find none of the authorities cited directly in point here. In none of the authorities cited by appellants to support their first above mentioned contention does it appear that there was any deficiency in the proposed bill of exceptions which had been filed after the time allowed by law but within the time provided in the invalid order extending time. In none of the authorities cited by appellants to support the second above mentioned contention does it appear that the skeleton bill was filed after the time allowed by law.

Contrary to the claims of appellants, we are satisfied that the proposed bill of exceptions, although of some length, was in the nature of a skeleton bill and was so deficient in the essential requirements for a bill of exceptions that an entirely new bill of exceptions was required. The application for relief under said section 473 was made by appellants after service upon them of the objections of respondents to the proposed bill in which the deficiencies of said proposed bill were pointed out in great detail. Appellants failed, however, to serve with their application for relief any new or amended proposed bill of exceptions and it does not appear that they presented any new or amended proposed bill at the hearing

or that they offered to present any new or amended bill in the event that their application was granted.

The duty of preparing a sufficient proposed bill of exceptions rests primarily upon an appellant. Said section 473 requires that an application for relief thereunder ''must be accompanied by a copy of the' . . . pleading proposed to be filed therein, otherwise the application shall not be granted. . . . '' While a proposed bill of exceptions may not, strictly speaking, be a pleading within the meaning of that section, we are of the view that an applicant seeking relief from his failure to file a proposed bill of exceptions within the time allowed by law is required to show that he has performed or is prepared to perform his duty of preparing a sufficient proposed bill of exceptions and that in the absence of such showing, his application should be denied. We are further of the view that the proposed bill of exceptions filed by appellants in the present case was wholly insufficient. ██ It is well settled, of course, that a trial court has a wide discretion in passing upon such applications and that the action of the trial court will not be disturbed except upon a showing of a clear abuse of discretion. (*Lien* v. *Morrill,* 130 Cal. App. 335 [19 Pac. (2d) 1024]; *Willett* v. *Schmeister Mfg. Co.,* 80 Cal. App. 337, 338 [251 Pac. 932]; *Smith* v. *Riverside Groves etc. Co.,* 19 Cal. App. 165, 166 [124 Pac. 870]; *Ingrim* v. *Epperson,* 137 Cal. 370 [70 Pac. 165].) The record before us does not show any abuse of the trial court's discretion.

The order appealed from is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.

A petition for a rehearing was denied August 6, 1941, and appellants' petition for a hearing by the Supreme Court was denied August 28, 1941.